JOHN GASTER ET AL., APPELLEES, V. ESTATE OF FREDERICK
GASTER, APPELLANT.

FILED SEPTEMBER 28, 1912.    No. 17,057.

1. **Statutes**: INHERITANCE LAW: CONSTITUTIONALITY. Chapter 49, laws
1907, does not violate the provision of section 11, art. III of the
constitution, that "no bill shall contain more than one subject,
and the same shall be clearly expressed in its title."

2. **Wills**: RIGHTS OF SURVIVING SPOUSE. A husband cannot lawfully
devise his real estate or lawfully dispose of his personal property
by will so as to deprive his wife of all interest therein given by
the said act.

3. ———: ———. If a married man by his will disposes of all his
property, real and personal, to others, and gives nothing to his
wife, she will be entitled to take the distributive share given
her by the statute as though he had died intestate.

OPINION on motion for rehearing of case reported in 90
Neb. 529. *Rehearing denied.*

SEDGWICK, J.

The first opinion in this case, 90 Neb. 529, considered
principally the alleged antenuptial agreement. The right
of election under section 7 of the statute, commonly known
as "King's Inheritance Act" (laws 1907, ch. 49), was also
discussed. In that discussion the constitutionality of the
act was assumed, and it was also assumed that under that
act the widow inherited one-fourth of the property of the
decedent, although he left a will disposing of all of his
property and making no provision for her. The question
as to the constitutionality and proper construction of the
act was necessarily involved in the case. Upon the motion
for rehearing the importance of this question was pointed
out, and the motion was set down for argument and fur-
ther consideration. In considering the difficult and some-
what complicated question so presented, we have had the
assistance, not only of the able counsel employed in the
case, but also several other eminent attorneys who have

appeared as friends of the court. The act is entitled: "An act to provide for succession to the estates of decedents and to repeal sections 4901, 4902, 4903, 4904, 4905, 4906, 4907, 4908, 4909, 4910, 4911, 4912, 4913, 4914, 4915, 4916, 4917, 4918, 4919, 4920, 4921, 4922, 4923, 4924, 4925, 4926, 4927, 4928, 4929, and 4930, and, also, sections 4940 and 5041 of Cobbey's Annotated Statutes of Nebraska of 1903 (C. S. ch. 23, secs. 1-30 inc., 40, 176)." Sections 4901 to 4928, inclusive, gave the widow dower in the lands of her deceased husband and were the general provisions of our statute relating thereto. Section 4929 provided for the descent of estates of married women. Section 4930 provided for the descent of real estate when not lawfully devised. Section 4940 provided that nothing in the chapter should affect curtesy or dower or any limitation of any estate by deed or will. Section 5041 provided for the descent of personal property not disposed of by will. Apparently the legislature attempted to give the wife a share in the estate of her deceased husband in lieu of dower. The statute is said to be unconstitutional because it legislates upon more than one distinct subject, and because the subject or subjects of legislation are not clearly expressed in its title, and so violates section 11, art. III of the constitution.

The act is very vigorously assailed upon general principles. It is said that, whereas the tendency of legislation in this state has continually been to enlarge the rights of married women, and it is to be presumed that the legislature attempted to do so in this act, still the effect of it is to rob them of valuable rights that they already enjoyed, and to give them nothing substantial in lieu thereof. Section 1 of the act, which attempts to give the wife a share in the real estate of her deceased husband, describes it as real estate "which has not been lawfully devised;" and section 3 of the act, which relates to personal property, gives her a share in personal property "not lawfully disposed of by his last will." And so, if this language is literally construed, the husband may dispose of all his property, real

and personal, except the homestead, without the consent or even the knowledge of his wife. By the terms of the act, whatever interest in the real estate of her husband the wife takes is subject to his debts, and, dower being abolished, the wife may thus be deprived of all interest in his real estate, except her homestead right. It is also said that section 7 of the act gives the wife a right of election when her husband has provided for her in his will; but when he has devised his property to others she has no election, but is deprived of all interests therein; she is left no election to take her dower free from the claims of creditors in lieu of her rights under this statute, and so what the creditors leave, if anything, her husband may deprive her of by his will.

The objections to the constitutionality of the act are quite serious. It is said that the word "succession" in the title, "An Act to provide for succession to the estates of decedents," has a well-defined and technical meaning; that it denotes the "coming in of another to take the property of one who dies without disposing of it by will." This seems to be its meaning in the civil law and in those jurisdictions which have adopted that procedure. The term is expressly so defined in the statutes of some of the states. *Estate of Headen,* 52 Cal. 294. It has not been so defined in this state, and neither by statute nor judicial construction has it received any technical meaning. In Webster's New International Dictionary we find the following definition: "The change in legal relations by which one person (called the *successor*) comes into the enjoyment of, or becomes responsible for, one or more of the rights or liabilities of another person (called the *predecessor*), * * * when it is to a right to be enjoyed, as property, it is called active." We think that the title to this act might suggest to the legislators and others interested a subject of legislation as broad as that indicated by this definition, particularly when as a part of this title specific sections of the statute are named relating to the subjects legislated upon. The title specifies various sections of the statute

relating to dower, with the statement that they are to be repealed by the act, which is accordingly done, and so, also, the section which provides for the descent of the estates of married women together with the sections which provide for the descent of property both real and personal. Prior to the enactment of this statute, section 4940 provided that nothing in the decedent law should affect estates by curtesy or dower, and this section is also named in the title of the act. We think therefore that by this title the attention of the legislators and others interested must have been called to the purpose and scope of this legislation.

We do not feel justified in holding the act unconstitutional as legislating upon more than one distinct subject. Its subject of legislation is the passing of property from the dead to the living, and would include either the title to property or the possession, or both. The act purports to be complete in itself. Having this broad general title, it may incidentally affect some matters that might be connected with other legislation and not for that reason be invalid. The general statute upon the subject of wills provides: "Every person of full age and sound mind, being seized in his own right of any lands, or any right thereto, or entitled to any interest therein descendable to his heirs, may devise and dispose of the same by his last will and testament, in writing." Comp. St. 1911, ch. 23, sec. 123. By the statute on the subject of dower, as it existed before the enactment of the law in question, the husband's right to devise his real estate was limited, and by the homestead act the widow could not be deprived of her right of homestead by will. Neither the dower nor the homestead statute referred to the statute of wills, and yet their validity was never questioned for that reason.

The first, and perhaps one of the most prominent, difficulties in the construction of this act is that, in defining the rights of the husband or wife in the property of the deceased spouse, the statute contains the expression, "not lawfully devised," in the case of real estate, and "not law-

fully disposed of by will," in the case of personal property. Section 7 of the act undertakes to give the widow the right of election, but gives her such right only in case provision is made for her in the will; so that, if these provisions are taken literally, she has the right of election if she is remembered in the will; but, if nothing is given her in the will, she has no right of election nor any other right in the property of the husband other than the homestead.

The duty devolved upon this court to construe and enforce the limitations which the constitution has placed upon the several departments of the state government is a very important and delicate duty. All presumptions are in favor of the validity of acts of the legislature. The construction which that branch of the government placed upon the constitutional limitations of its own powers must be considered, and no act of the legislature will be held to violate the constitution unless such conclusion is unavoidable. The presumption that the legislature intended to regard constitutional limitations is so strong as to control the meaning of the language used in all doubtful cases. Every act will be so construed, if reasonably possible, as to harmonize it with the fundamental law. No duty of this court is more manifest and exacting than the duty to avoid trespassing upon the province of the legislature. The tendency of the courts in recent years has steadily been towards a more liberal construction of legislative enactments in this regard. It is not for this court to determine the legislative policy, nor to criticize that policy when adopted by the lawmakers. If apparently matters have been omitted in legislation which would have been supplied if brought to the attention of the lawmakers, it is not within the province of the court to supply such omissions. Hasty and ill-considered legislation can be revised only by the legislature itself. The difficulties presented in this legislation may suggest remedies which the contemplated revision of the statutes will supply.

In this case the deceased devised all of his property, but

made no provision for his widow: She insists that she ought to share in the property as though there were no will. The statute says that, when the real estate is not lawfully devised, she may do so. We are asked to hold that the property was lawfully devised, and that therefore the provision of the statute giving her a distributive share in the property has no application. Did the legislature intend such a result? Under the former statute she had her well-defined right of dower that neither the other heirs, nor the creditors of her husband, nor the will of the husband himself, could take from her. By the divorce law (Comp. St. 1905, ch. 25, sec. 23), also, the right of dower was secured to her if she obtained a divorce for certain causes. This section was amended in a special act of the same legislature. Laws 1907, ch. 50. The amended section leaves it to the discretion of the court to award to the innocent party a share or interest in the real estate of the guilty party. It would seem that if it was intended to subject her right to a distributive share of the property, which this new statute gives her, to the claims of the creditors, and to the will of her husband, the right of dower would have been preserved so that she might elect that right in case it was more valuable to her than such precarious provisions as this statute makes for her. Section 7 of the act gives her the right to elect between the provision made for her by the statute itself and the provision of the will. Did the legislature intend that when she was provided for in the will she might enjoy this right of election, but if she was given nothing in the will she should have no right at all? Language of a statute, not used in a technical sense, will be given its ordinary meaning, and every word used will be given its proper force and effect, if possible; but words that are inconsistent with the statute as a whole, so that their literal sense could not possibly have been intended by the legislature, will be disregarded or so construed, if possible, as to give effect to the will of the lawmakers. We find but one way to reconcile these provisions of the statute and sustain them.

If the property which by this statute is given to the surviving spouse cannot be lawfully devised to others, the principal difficulty in construing the statute disappears. A statute of Wisconsin presented a similar difficulty. It implied the ability of the husband to lawfully devise the homestead. If not lawfully devised the homestead went to the widow. And this statute, like section 7 of our act, gave her the right of election if provision was made for her in the will. Referring to this apparent anomaly in the law, the supreme court of that state said: "What would be her rights in that regard where no provision is made for her in such will, may be difficult to tell. Whether, in such case, further legislation is necessary in order to properly protect the wife and widow is a matter addressed to the wisdom of another department of the state government." *Albright v. Albright,* 70 Wis. 528. In a later case that court said: "In *Albright v. Albright,* 70 Wis. 528, attention was called to the difficulty felt to exist, and, as it is not necessary now to decide the question, we mention it again, so that the legislature in its wisdom may settle the uncertainty in accordance with the wise and liberal policy of our laws in favor of the wife." *Church v. McLaren,* 85 Wis. 122. The Wisconsin court did not find it necessary to determine the proper meaning of the statute in either of these cases.

The supreme court of Ohio appears to have definitely construed a similar statute. Their statute provides that, if the husband dies "intestate" and leaves children, the widow shall be entitled to a specified share of the personal property. In *Doyle v. Doyle,* 50 Ohio St. 330, the husband died leaving a will whereby he disposed of all of his property to his children and others, "making no provision whatever for his wife," thus presenting the same question we have here. The supreme court of that state held that the wife was entitled to her distributive share of the estate. That court stated the question as we now have it before us, in these words: "Noting the fact that section 4176, giving her this portion of her husband's estate, is limited

to where he dies 'intestate' leaving children, and that sections 5963 and 5964 of the chapter relating to wills apply in terms only to where provision is made for her in the will of her deceased husband, they claim, that as he did not die 'intestate' and made no provision for her in his will, she is within the provisions of neither of these sections, and is, therefore, entitled to no part of his personalty subject to distribution, since, in the exercise of the power given him by statute to make a will, he has bequeathed it all to his children." The court then said: "We do not accept this construction. A careful consideration of the language of these sections shows, as we think, a clear recognition of the right of a widow to a portion of the personalty of her deceased husband, on distribution, that is beyond his power to affect by any will he may make, unless she assent to it. And this is in accordance, not only with the general understanding on the subject, but, also, with the liberal policy that has always prevailed in our law toward the widow. * * * Where he makes a will containing a provision for his wife, she is not compelled to accept the provision so made, but may renounce it and take under the provisions of section 4176, as if her husband had died intestate. But where provision is made for her in the will of her deceased husband, the statute requires that she shall be cited by the probate court to *elect*. * * * Why cite her to make an election, if she has not a right at law which she may retain if she chooses? No election can be made by any one between something and nothing. There is no alternative. The term necessarily connotes at least two things between which a choice can be made." The circuit court afterwards followed this construction of the statute and stated the law to be: "When the wife dies leaving a will in which no provision is made for her surviving husband, her estate will be treated (as) to him as if she had died intestate within the meaning of secs. 4176 and 5963, Rev. St." *Coon v. De Moore*, 25 Ohio C. C. Rep. 776. See, also, *Cummings' Ex'r v. Daniel*, 9 Dana (Ky.) *361.

No other view as to the legislative intention can be reconciled with the act as a whole and the general purpose and policy of its provisions. Section 5 of the act is as follows: "The right of a married man or woman to inherit a part or all of the real estate of which his or her spouse was seized of an estate of inheritance at any time during the marriage, may be barred by a conveyance executed by such husband and wife while residents of this state, and, if either such husband or wife be not a resident of this state, by a deed of conveyance executed either by both of said parties or by the one seized at the time of such conveyance; and such right to inherit may also be barred by the sale of such real estate under execution or other judicial sale, during the lifetime of the owner of the title." It is wholly inconsistent with the idea that the right can be defeated by will. It recites the right of a married man or woman in the property of his or her spouse, provides in express terms how that right may be barred, and excludes the power to bar that right by will. If the husband in his will makes such provision for the wife as she will prefer to the property rights that the law gives her, she may elect to take by the will, but, if he fails to do so, she may insist upon her rights under the statute.

The motion for rehearing is

OVERRULED.