IN RE ESTATE OF J. M. STRAHAN.

FRANK E. STRAHAN ET AL.; MARY W. STRAHAN, APPELLANT, V. WAYNE COUNTY, APPELLEE.

FILED JUNE 16, 1913. No. 17,912.

1. **Taxation:** INHERITANCE TAX: LIMITATIONS. Where a petition is filed in a proceeding in the county court to recover the inheritance tax due from the heirs of a deceased person, and notice thereof is given to the persons interested within five years from the death of the decedent, a plea of the statute of limitations as a defense is of no avail.

2. ———: ———: INTEREST OF SURVIVING SPOUSE. Chapter 23, Comp. St. 1911, abolishing the estates of dower and curtesy, gives to the surviving spouse of a deceased person an enlarged estate of the same kind and nature as that of dower or curtesy, and such estate, like dower, is not subject to an inheritance tax. *In re Estate of Sanford*, 91 Neb. 752.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE. *Reversed and dismissed as to Mary W. Strahan.*

*Kingsbury & Hendrickson,* for appellant.

*A. R. Davis* and *F. S. Berry, contra.*

*Field, Ricketts & Ricketts, Lincoln Frost, W. L. Pope, S. L. Geisthardt* and *Tibbets, Anderson & Baylor, amici curiæ.*

BARNES, J.

Appeal from a judgment of the district court for Wayne county, fixing the amount of an inheritance tax due from the estate of one J. M. Strahan, deceased. It appears that Strahan, a resident of the state of Iowa, died intestate on the 14th day of August, 1907, and left surviving him Mary W. Strahan, his widow, two adult sons, and three married daughters, hereafter designated as the heirs. At the time of Strahan's death he was the owner of certain real estate in Wayne county, Nebraska, valued at $133,-570, and an interest in the First National Bank of Wayne represented by 210 shares of its capital stock, valued at $29,190. On the 19th day of July, 1912, the county attorney filed a petition in the county court of Wayne county, as provided by law, claiming the inheritance tax in question, and alleging that no part of said tax had been paid. On the filing of the petition the county court appointed an appraiser to value the said estate, and on the same day the appraiser gave notice, as provided by law, to the widow and the heirs that he would proceed to take testimony concerning the value of the estate, at his office in the First National Bank building in the city of Wayne, Nebraska, on August 3, 1912, at 10 o'clock A. M. The evidence was taken at the time and place stated in the notice. The appraiser duly filed his report in the county court on August 7, 1912, fixing the value of the estate at the sums above mentioned. On that day the widow and the heirs made a general appearance in the action, and requested the court to withhold its decree on the report filed by the appraiser until September 16, 1912, in order that they might file objections to the report. The request was granted. The widow and the heirs filed their objections, and a hearing was had on the 16th day of September, 1912, at which time the tax in question was assessed. The widow and the heirs prosecuted an appeal to the district court for Wayne county. The cause came on for hearing on the 20th day of November, 1912, and re-

sulted in a finding that the total value of the estate was
$163,111.36. The court further found that the interest
of the widow therein was $40,752.84; that she was en-
titled to exemptions in the sum of $10,000, leaving a bal-
ance of $30,752.84 subject to the inheritance tax; that the
interest of each of the heirs in the remainder of the estate
was $24,451.70, less an exemption of $10,000 each, leaving
the interest of each of them subject to the inheritance tax
in the amount of $14,451.70; that no part of the said in-
heritance tax had been paid, to all of which findings the
widow and the heirs excepted. It was thereupon ordered,
adjudged and decreed that an inheritance tax be assessed
against the interest of the widow in the sum of $307.52,
with interest at 7 per cent. from August 14, 1907, and
$144.51, with interest at 7 per cent. from August 14, 1907,
was assessed against the interest of each one of the heirs
of the deceased. No appeal was taken by the heirs, but
on the 22d day of November, 1912, the widow filed a mo-
tion for a new trial, which was overruled, and she there-
upon prosecuted this appeal.

Three questions are presented by the record: First.
Was the bank stock assessable? Second. Is the tax barred
by the statute of limitations? Third. Is the widow's in-
terest assessable?

1. Appellant contends that the tax was barred by the
statute of limitations because more than five years had
elapsed after the tax accrued, and therefore it was con-
clusively presumed to have been paid. The record dis-
closes that the proceeding to collect the inheritance tax
was commenced within the five-year period above men-
tioned; that notice was given the widow and the heirs, as
provided by law, within that period; that they each vol-
untarily made a general appearance in the action within
said period, to wit, on August 7, 1912. It therefore fol-
lows that this contention is without merit.

2. Appellant further contends that her distributive
share of the bank stock was not subject to an inheritance
tax, for the reason that, being personal property, its situs

was fixed by law at the place of the residence of her deceased husband, which was at the time of his death in the state of Iowa. This reason may not be decisive of the question, and therefore need not be considered. There is another reason, however, why appellant's interest in the bank stock was not subject to the inheritance tax, as we shall presently see.

3. Finally, appellant contends that none of her distributive share of her husband's estate, either real or personal, was subject to an inheritance tax under the laws of this state. Chapter 49, laws 1907, called the "King Inheritance Law," abolishes the estates of dower and curtesy, and in lieu thereof provides (sec. 1) : "When any person shall die, leaving a husband or wife surviving, all the real estate of which the deceased was seized of an estate of inheritance at any time during the marriage, or in which the deceased was possessed of an interest either legal or equitable at the time of his or her death, which has not been lawfully conveyed, by the husband and wife while residents of this state, or by the deceased, while the husband or wife was a non-resident of this state, which has not been sold under execution or judicial sale, and which has not been lawfully devised, shall descend subject to his or her debts and the rights of homestead, in the manner following: First. One-fourth part to the husband or wife." By section 3 of the act it is further provided that the personal estate of the deceased shall be distributed in the same proportions to the same persons as prescribed for the descent of real estate. Comp. St. 1911, ch. 23, secs. 1, 176. It thus appears that the appellant, as the widow of her deceased husband, by operation of law became the owner of one-fourth of the real estate and bank stock in question, upon her husband's death. Under the present law the interest of the wife in the personal property of her husband is similar to that of a silent partner. The husband is, in effect, the managing agent and has control of the property. He can sell and dispose of it, or he may exchange it for other property. But at his death her interest

therein comes to her in her own right. It does not pass to her by will, or by the intestate laws of the state. The husband cannot deprive her of that right. *Gaster v. Estate of Gaster,* 92 Neb. 6.

Many of the courts of last resort in this country have declared that the property of the widow, which comes to her by law, or by what has been designated as the "wife right," is immune from the payment of an inheritance tax. In *In re Estate of Sanford,* 91 Neb. 752, this court held: "The dower interest of the widow in the estate of her deceased husband, whether taken under his will or by operation of law, is not subject to an inheritance tax."

It is argued by counsel for the appellee that, the legislature having abolished the estates of dower and curtesy, that rule has no application to the present controversy. It appears, however, upon an examination of the authorities, that the legislature of the state of Iowa in 1873 passed an act abolishing estates of dower and curtesy, and giving to the surviving spouse a fee simple interest in one-third of the estate of the deceased. The provisions of our present inheritance law are, in effect, the same as those of the Iowa statute, with the exception that in this state the surviving spouse, under certain conditions, takes a fee simple interest in one-fourth of the estate of the deceased, both real and personal. Construing the Iowa statute, the supreme court of that state, in *Purcell v. Lang,* 97 Ia. 610, said: "A wife is entitled to dower in land alienated by her husband, in the deed of which she did not join, according to the law in force at the time of such alienation, notwithstanding his death takes place after the passage of Iowa Code 1873, section 2440, declaring the estates of dower and curtesy abolished, and giving the surviving spouse a fee-simple interest in one-third of the estate of the deceased, as such act merely abolishes the use of the words 'dower' and 'curtesy' as descriptive of the enlarged estate."

It has been held by the great weight of authority that dower is not immune because it is dower, but because it, like the right to the homestead, and to the distributive

share of the widow of the estate of her deceased husband, belonged to her inchoately during his life, and vested fully in her at his death. The widow's share of the estate of her deceased husband, by the present inheritance law, is given to her in lieu of dower, and it follows that the interest of the appellant in her deceased husband's estate, both real and personal, comes within the test of immunity.

Under the present statute the wife takes her interest in the estate of her deceased husband by operation of law. She cannot be deprived of that interest by his will. It is something which belongs to her absolutely and independently of any right of inheritance or succession. Strictly speaking, the widow's share should be considered as immune, rather than exempt, from an inheritance tax. It is free, rather than freed, from such tax. It is not excepted from the taxable class because it never was in such class. Like all debts, taxes, costs, expenses and other similar items, it is deducted before any inheritance tax is assessed. The share of the realty and personalty, which under our law go to the widow independent of any will or act of the husband, is not, so to speak, a part of his estate, and is no more liable to a succession tax at his death than is her individual property derived from her own ancestors and held in her own name, though the husband may have had the management and control of the estate during his lifetime.

The effect of our decedent law is practically the same as the law of community of property, and the courts of those states which have adopted that law have held, with but a single exception, that the wife is not liable, upon the death of her husband, to pay an inheritance tax on her one-half of the community property, for the reason that the property does not pass to her by will or by the intestate laws of the state. *Kohny v. Dunbar*, 21 Idaho, 258, 121 Pac. 544; *Succession of Marsal*, 118 La. 212. As we view the question, this rule should be applied to the facts under consideration. It is sustained by the greater weight of authority, and the more recent decisions of the courts of last

resort in this country, and to our minds correctly disposes of the main question in this case.

It follows that the district court erred in assessing the amount of $307.52 against the appellant as an inheritance tax upon her distributive share of her deceased husband's estate. The judgment of the district court is therefore reversed in so far as it affects the rights of the appellant, and as to her the action is dismissed.

REVERSED.

ROSE, J., dissenting.

FAWCETT, J., not sitting.

SEDGWICK, J., concurring.

Whether the personal property of the decedent to which the surviving spouse succeeds under the act of 1907, ch. 49, is subject to an inheritance tax is a question which is perhaps not clear from the wording of the statute, and which has provoked much discussion and required of the court unusual consideration. It is said in the brief: "In the reason of the rule, therefore, there is no distinction between realty and personalty, and such personalty as comes within the reason of the rule must be likewise immune from the tax." This proposition is ably presented and the position fortified by the collection of numerous authorities. The act of 1907 is a comprehensive act and is complete in itself; it repeals many sections of the former statutes which are inconsistent with its general provisions, and those which appear to be inconsistent with the purpose and spirit of the new act. The act of 1907 took several distinct and important rights that had existed under the former statute away from the surviving spouse, and, as all agree, intended to give something better in their place. It repealed dower and curtesy. The former statute provided that if the husband exchanged land for other lands the widow should not have dower in both, and that statute is repealed. The former statute provided that if the husband mortgaged his land before marriage the wife should

not have dower as against the mortgagee, but against all other persons, and if the husband purchased land during marriage, and at the same time mortgaged it for the purchase money, the widow should not have dower as against the mortgagee, even if she did not sign the mortgage, and if such mortgaged lands were sold upon the mortgage after the husband's death the widow should have only an income of one-third part of the surplus, and if the heirs or other persons claiming under the husband paid the mortgage the amount so paid should be deducted from the land, and the widow should have only one-third of the rents. The old statute provided that if the husband had deeded land in his lifetime, and the lands had enhanced in value afterwards, the widow should have dower only in the value at the time they were alienated. The old statute also provided that when the husband died seized of land in several counties the widow's dower might be assigned in land in either county, and where the estate could not be divided, whether in one or more counties, the dower might be assigned in the rents, issues and profits. The old statute provided that any woman residing out of the state should have dower in the land of which her husband should die seized. All these provisions were repealed. There were other provisions in the old statute which were repealed by the new. The new statute provides simply that the surviving spouse shall have the same portion of personal property as of real property. In case there is only one child the surviving spouse gets one-half of the property, real and personal. Under the old statute, if there was no child, the wife took the whole property. Under the new statute apparently she only takes one-half. This applies to personal property as well as real. In view of all these changes, and in view of the fact that the rule under the new statute is the same for personal property as it is for real, it is not inconsistent to suppose that the legislature intended that the surviving spouse takes both by the same right, that is, by right and because of the marriage relation, and not by inheritance. Such construction is plain, and avoids many complications that might otherwise arise.

The title of the present act is, "An act to provide for succession to the estates of decedents and to repeal (sections named)." Under this act the husband and wife are placed upon exact equality as to the rights of each in the property of the other. The surviving spouse "succeeds" to the rights which the statute gives in the property that was held in the name of the decedent. It does not "pass by will or by the intestate laws of this state." It therefore is not within the letter of the inheritance tax law, which by express terms provides only that property which so passes "shall be and is subject to a tax." Comp. St. 1911, ch. 77, art. VIII, sec. 1. If, therefore, a tax is imposed upon property to which the surviving spouse succeeds by virtue of this act of 1907, it must be by construction as a necessary implication from the general purpose and spirit of the act. It is true that there is no reference in this later act to the inheritance tax law; but no such reference was necessary, for that law was purposely and necessarily so framed as to adapt itself to any changes that might be made in the law of wills and the law of devolution of estates of decedents. The provision that all property "which shall pass by will or by the intestate laws of this state" contemplates that such laws may be changed from time to time, and is so worded as to apply to property which so passes under the law at the time. Our object of course is to ascertain and declare the intention of the lawmakers. It seems to me that the scope and purpose of the new legislation indicates that the legislature acted advisedly when avoiding any language that could be construed literally so as to impose a tax on property that passes from one spouse to the other. They use a new expression in the title of the act; it is "succession to the estates of decedents," an expression broad enough to include both inheritance and conjugal rights. The former act provided that the wife should take as a child, which was naturally construed to make her an heir. But now the husband succeeds to property of his deceased wife as the wife does to property of her deceased husband. The policy

of our law, as developed by legislation from time to time, has been more and more to place husband and wife upon an equality as to their property, and to regard each as interested in the property held in the name of either. It may have been considered that the marital relation is of great importance to the state, and generally covers the active life of both parties. Their fortunes are made together, and by their mutual help and contribution. When their property descends to their children it is taxed. In some states only such property is taxed as goes to collateral heirs for want of children to inherit. Whatever may be just in that regard, it seems clear that it is not unreasonable that such property as the surviving spouse takes as a matter of right, not by the will of the decedent or the intestate laws, and without regard to whether decedent was testate or intestate, should be taxed, if at all, only when that surviving spouse passes it on to his or her children. Thus the whole property, not used by those who produced it, is once taxed, which may very well be thought the reasonable intention of the legislature.

*Douglas County v. Kountze,* 84 Neb. 506, has no application. Herman Kountze died in 1906, before the present statute fixing the rights of the surviving spouse in the personal property of the decedent, and if it is true that the statute gives the right by virtue of the marriage, and not by inheritance, then *Douglas County v. Kountze* is not in conflict with the present opinion.

LETTON, J., dissenting as to personal property.

I am unable to concur in the holding that personal property inherited by a surviving husband or wife is not subject to the provisions of the inheritance tax law.

The opinion takes the broad ground that no personal property of a surviving spouse is taxable as being derived by inheritance. The inheritance tax statute provides that when any property *shall pass by inheritance* to husband or wife from the other the tax shall be 1 per cent. on the market value of all property received above $10,000, while

a larger tax is assessed on persons related in a remoter ·
degree. The opinion of the majority repeals this statute
with respect to personal property without action. by the
legislature.

An examination of the only changes made by the law of
1907 in the inheritance of personal property shows that
there is no basis for the theory that it in anywise affected
or repealed the inheritance tax law in this regard. Prior
to the enactment of the law of 1907, if the intestate left
no children, all his real estate went to his widow for life,
and at her death to his father. If he left a widow and no
kindred, all his estate descended to his widow. The hus-
band took nothing but his curtesy and homestead rights.
By the 1907 law the surviving husband was also given the
right to inherit, which was one of the most radical changes
made. The share of both husband and wife was fixed at
the same proportion, and the inheritance of the real estate
was not made to depend upon the contingency of there
being no children, but was taken in various proportions,
depending upon the parentage of the children. As to per-
sonal property, however, under the new law the widow
may in some cases receive identically the same amount
of property as she would have received under the child's
share provision of the old law. This inheritance was tax-
able before the law of 1907, and I am unable to see why it
is not still taxable. The title to the act is, "An act to pro-
vide for succession to the estates of decedents and to repeal
sections 4901," etc., and the act has nothing to do with
taxation. If it is to be held that an act which merely
creates a new class of inheritors and fixes the shares they
shall take repeals the provisions of another statute relat-
ing to the taxation of inheritances, then we have in truth
opened a wide door for evasions of the provisions of the
constitution preventing surreptitious legislation. More-
over, there is no repugnancy between the new law and the
taxing law, and consequently, there is no repeal by im-
plication.

It is also worthy of mention that this holding is un-

solicited. No one has had the hardihood to argue that the shares of stock are not subject to the inheritance tax on account of any change made by the law of 1907. The appellant's claim is that the situs of personal property is at the residence of the owner, which was in Iowa, and that the shares are not within the jurisdiction of this court. The opinion, therefore, decides a point not presented or argued in the briefs. It also overrules *Douglas County v. Kountze*, 84 Neb. 506, without mentioning that case, which is directly in point as to the taxation of shares of stock.

The effect of the opinion will be that vast estates, consisting in large degree of personal property, such as involved in the *Kountze* case, and where the property is left either to the surviving husband or wife, will be relieved from taxation, which certainly was not in the legislative mind when the succession act was passed.

I also dissent from the opinion of Judge SEDGWICK, which has been furnished me since the foregoing was written. The use of the word "succession" in the title of the act seems to me to indicate the very reverse of what it is construed to mean by Judge SEDGWICK. In a large number of instances the words "inheritance" and "succession" are used interchangeably. It has been said that a "succession tax" "is one upon the privilege of acquiring property by inheritance." *Wallace v. Myers*, 38 Fed. 184. Speaking of the Iowa inheritance tax law, Judge Deemer says: "Such taxes as are imposed by the act under consideration have been almost universally denominated succession taxes, and they have been upheld on the theory that the right to succeed to property upon the death of the owner is the creation of law, and that the state, which creates this right, may regulate it." *Ferry v. Campbell*, 110 Ia. 290. See, also, the definition of "inheritance" and "succession," in Words and Phrases, and 37 Cyc. 1553.

There can be no argument, therefore, predicated upon the use of the word "succession" instead of the word "inheritance" in the inheritance statute of 1907. If the act can be construed to mean that property passing to one

spouse on the death of the other passes "by virtue of the marital relations," and not by inheritance, as Judge SEDG-WICK suggests, why does not property which passes from parent to child under the same act pass "by virtue of the parental relation," and not by inheritance. The argument based upon the use of the word "succession" instead of the word "inheritance" is equally as sound in one case as in the other, and is equally without merit.

The inheritance tax law makes all property taxable "which shall pass by will or by the intestate laws of this state." The succession law of 1907 is indubitably "the intestate law of this state." In fact, it is now the only intestate law there is in this state, and is clearly included within the terms of the taxing statute.

The quotation from the brief in the opinion by Judge SEDGWICK is incomplete. It is followed by language which shows that it is only certain classes of personalty that the writer considers to be immune from the tax, "the courts universally holding that her allowances for support pending administration, her right to certain specific articles of personalty, such as household furniture, wearing apparel, and the like, in fact, all personalty which by statute goes to her at his death regardless of any attempt by him to dispose of it by will, is immune from inheritance tax." This is the view the writer takes in this respect. Counsel nowhere contends that all personalty going from one spouse to the other is exempt, which is what the majority opinion holds, and the question is decided without argument.