CHARLIE ARENT ET AL., EXECUTORS, APPELLEES, V. MARGARET ARENT, APPELLANT.

FILED MAY 15, 1920. No. 21059.

1. **Descent and Distribution:** REALTY OF HUSBAND. Under section 1265, Rev. St. 1913, the real estate of a husband, other than the homestead, descends to the widow and heirs, subject to his debts.

2. **Case Overruled.** That portion of the second paragraph of the syllabus and that portion of the opinion in *McCormick v. Brown*, 97 Neb. 545, in conflict with the above statement of law, is overruled.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*F. L. Carrico,* for appellant.

*Lewis C. Paulson, contra.*

LETTON, J.

Appeal from proceedings to sell land for payment of debts of a deceased person. The main question presented is whether or not the widow of a deceased owner of real estate takes her distributive share of the land at his death, subject to his debts. The widow contends that the estate she takes by the statute is of the nature of dower, and therefore is not liable to sale to pay debts, while appellees rely upon the language of the statute. Appellant cites the cases hereafter mentioned to sustain her position.

In *Gaster v. Estate of Gaster,* 92 Neb. 6, the point decided was that, "If a married man by his will disposes of all his property, real and personal, to others, and gives nothing to his wife, she will be entitled to take the distributive share given her by the statute as though he had died intestate." The question as to whether she took the real estate subject to the claims of creditors was not involved in the case, although the matter is casually mentioned in the opinion.

In *In re Estate of Sanford,* 90 Neb. 410, a case involving the inheritance tax on the property, it was held, among other things, that the widow, by taking under the will instead of asserting her right to dower, was not entitled to deduct the value of the dower from the gross value of the real estate within this state. This decision was by a divided court. Afterwards, upon rehearing (91 Neb. 752), this portion of the judgment was set aside, and it was held that the dower interest, whether taken under a will or by operation of law, is not subject to inheritance tax. In *In re Estate of Strahan,* 93 Neb. 828, a like holding was made, also by a divided court.

In *McCormick v. Brown,* 97 Neb. 545, which opinion also was not unanimous, it was held that "Under the act of 1907 (Rev. St. 1913, secs. 1265-1272), a wife has an

interest in the real estate of her husband which he cannot alienate without her consent, and is not subject to his debts.'' The reason for the latter proposition is not stated in the opinion, and the language of the statute is not discussed. It will be seen that the only ·case deciding the point involved is the case last mentioned. An affirmance of the judgment of the district court in this case will require the overruling of *McCormick v. Brown,* so far as this proposition 'is concerned.

. In the consideration of this question, the language of the statute, if plain and unambiguous, must control. Section 1265, Rev. St. 1913, provides: ''When any person shall die, leaving a husband or wife surviving, all the real estate of which the deceased was seised of an estate of inheritance at any time during the marriage, or in which the deceased was possessed of an interest either legal or equitable at the time of his or her death, which has not been lawfully conveyed by the husband and wife while residents of this state, * * * which *has not been sold under execution or judicial sale,* and which has not been lawfully devised, shall descend *subject to his or her debts* and the rights of homestead in the manner following: First. One-fourth part to the husband or wife, if the survivor is not the parent of all the children of the deceased and there be one or more children, or the issue of one or more deceased children surviving.''

It will be observed that, during the lifetime of the holder of the title, the real estate may be sold under execution or judicial sale, and this idea is also expressed in section 1269, which expressly provides: ''Such right to inherit may also be barred by the sale of such real estate under execution. or other judicial sale, during the lifetime of the owner.''

The statute abolished dower and curtesy. It seems evident that the object was to place the rights of the surviving spouse of either husband or wife upon the same plane. Before this enactment a sale of the wife's real estate to pay· her debts barred the curtesy. of the

husband (*Miller v. Hanna*, 89 Neb. 224), but a sale of the real estate of the husband to pay his debts did not bar the dower right of the wife. *Butler v. Fitzgerald*, 43 Neb. 192. The new law places husband and wife on a parity in this as in other respects.

If the meaning of the statute were obscure or its language ambiguous, it would be the duty of the court to ascertain and declare its meaning in a proper case, but where there is no obscurity or ambiguity, and the legislature has spoken in plain and ordinary language, it is not for the court to interpret language that needs no interpretation, but it is its duty to declare what has been plainly written as the law.

Appellant has cited cases from Indiana and Iowa in support of her position. The Indiana statute provides the widow shall take "free from all demands of creditors." The Iowa statute omits the words "subject to his or her debts." Cases construing these statutes are not in point. That portion of the opinion and syllabus in the *McCormick* case in conflict with these views is therefore overruled.

It seems that the deceased and one Fred Arent owned some real estate in Phelps county, proceedings to partition which had been instituted during the lifetime of Henry Arent. The land was sold in these proceedings after his death, and the proceeds distributed among the heirs, the widow receiving one-fourth of the share of her deceased husband, and the children their proportionate share. It is now contended that this money should have been applied upon the debts, and that consequently the proceedings to sell the land are unauthorized. The widow, we think, is in no position to complain of this, having in common with the other heirs, and apparently by agreement, received the whole of her share without any deduction for debts.

The proof does not sustain the other objection as to value.

AFFIRMED.

ROSE, J., not sitting.