Moss, Judge,
delivered the opinion of the court:
Peter Bergman died intestate and without issue in the State of Nebraska, leaving surviving him a widow, Mary Bergman, and certain collateral kindred. His estate consisted of both real and personal property. Letters of administration were issued to plaintiff, Neis S. Nyberg, who in due time filed an estate-tax return, which included the value of all property, real and personal, left by the decedent, and paid the tax shown to be due, $14,692.30. Upon audit and review the Commissioner of Internal Revenue determined the gross value of the estate to be $549,157.16, the net estate $472,022.04, and the total tax $14,821.32, making an additional tax of $129.03, which was paid by plaintiff. On December 15, 1926, plaintiff filed a claim for refund based on the grounds, (1) that the value of the interest of the widow, and (2) the value of the homestead should not have been included in the gross estate. The commissioner rejected the first contention and allowed the second in the sum of $110.98. The question for determination is whether or not the value of the interest of the widow, Mary Bergman, in her husband’s estate should be included in his gross estate for estate-tax purposes. The question involved is controlled by sections 402 and 403 of the revenue act of 1921, 42 Stat. 278, the applicable portions of which are as follows:
“ Sec. 402. That the value of the gross estate of the decedent shall be determined by s including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
“(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the ex *156 penses of its administration and is subject to distribution as part of his estate;
“(&) To .the extent of any interest theiein of the surviving spouse, existing at the time of the decedent’s death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy; * *
Section 408 of the revenue act of 1921 provides, in part as follows:
“ That for the purpose of the tax the value of the net estate shall be determined—
“ (a) In the case of a resident, by deducting from the value of the gross estate—
“(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property, * * *, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes; * *
Dower and curtesy in the State of Nebraska were abolished by statute. In lieu thereof the Nebraska statute on the subject, section 1220 of the Compiled Statutes of Nebraska, in making provision for the descent of real property when the husband or wife survive, provides that subject to his or her debts, and the right of homestead, such property shall descend “ one-half to the husband or wife, if there be no children nor the issue of any deceased child or children, surviving.” It is the contention of plaintiff that the “interest ” of the widow in the property of the decedent existing at the time of the decedent’s death was in the nature of a vested estate, or, as described in plaintiff’s brief, a vested ownership, according to the laws of the State of Nebraska, and that such property did not come to her through the death of her husband either by inheritance or as a distributive share in his estate, and that the effect of the inclusion of such an interest in the gross estate of the decedent is to *157 authorize a direct tax, and is, therefore, an unconstitutional exercise of the taxing powers of the Government. We are unable to agree with this contention.
The “ interest ” of the widow, Mary Bergman, in the real property of her husband, was an interest created by statute in lieu of dower. Under section 1220 of the Nebraska statute, real estate of which the deceased is seized at the time of his death passes by descent, subject to his or her debts. Upon the decease of the husband, if his personal property is not sufficient for the payment of the family allowance, debts, funeral charges, and expenses of administration, any part, or all, of the real estate may be sold and the proceeds applied to those purposes. If there is a residue, and only in that event, the statute provides that it “ shall descend ” to designated beneficiaries. It is at no time during the life of the husband a vested estate or a vested ownership. It will be seen at once that this interest does not have the certainty of the right of dower of which the wife may not be deprived, except by her own express consent. Section 402 (a), above quoted, mentions three conditions for determining the character of the property, the value of which should be included in the gross estate, (1) that it be subject to the payment of the debts of the decedent; (2) that it be subject to the payment of administration expenses; (3) that it be subject to distribution. The property under discussion was subject to each of these conditions. Under section 1222 of the Nebraska Statutes, which deals with the distribution of personal property, it is provided in the sixth clause thereof, “ The residue, if any, of the personal estate shall be distributed, in the same proportions to the same persons as prescribed for the descent of real estate.” (Our italics.) The property in question passed to the widow as a distributee. Under the Nebraska statute, the “ interest ” of Mary Bergman was a mere right to inherit. The tax under consideration is not a tax on property. It is an excise tax imposed on the transfer of the “ net estate ” of the decedent. In arriving at the “ net estate ” for the purpose of computing the tax, Congress deemed it proper to include in the gross estate the value *158 of all property, real ca* personal, tangible or intangible, including in specific terms any interest of the surviving spouse in any of said property, and, resorting again to specific terms, “ as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or cwtesy.” The constitutionality of this statute is well established in a long line of cases, in which the general principles which must control the decision in this case, have been considered. See New York Trust Co. v. Eisner, 256 U. S. 345; Edwards v. Slocum, 264 U. S. 61; United States v. Robbins, 269 U. S. 315. Numerous other cases might be cited.
Plaintiff depends chiefly on Frick v. Lewellyn, 298 Fed. 803; Munroe v. United States, 10 Fed. (2d) 230, Strahan v. Wayne, 93 Neb. 828, 142 N. W. 678. In the Frick case it was sought to impose the estate tax upon life insurance taken out by the decedent payable to his wife and daughter. The value of these policies, in excess of $40,000, under a provision of the statute now being considered had been included in the gross estate. The court properly held that the right of the beneficiaries did not spring from the death of the testator, but arose from the contracts of insurance, and that the provision in question was, in effect, the levying of a direct tax, and was therefore unconstitutional. The distinction between that case and the instant case is too obvious to require discussion. The decision in the Munroe case supports plaintiff’s contention that the tax under consideration is a direct tax. This decision is, however, contrary to the principles announced by the United States Supreme Court in the decisions above cited, and in others not enumerated. It is stated in plaintiff’s brief that the writ of error in this case was dismissed on motion of the Solicitor General. It is explained in defendant’s brief that the Government inadvertently prosecuted a direct appeal to the United States Supreme Court, when the case should have been appealed to the Circuit Court of Appeals, and for this reason the appeal had to be dismissed. In the Strahan case the court construed the Nebraska inheritance tax law and held that the interest of a surviving spouse is not taxable under that law. While it announced certain rules as to the *159 nature of the right of a surviving spouse, no question was involved as to the authority of Congress to include in the gross estate the value of an interest which is distributed to the surviving spouse out of the estate of the deceased. If, however, this decision could properly be construed as sustaining plaintiff’s contention^ it is, like the Munroe case, out of harmony with the ruling of the United States Supreme Court, and has no binding force on this court.
For the reasons hereinabove set forth, the court is of the opinion that the interest of the widow, Mary Bergmon, in the estate of her deceased husband, Peter Bergman, was properly included in the gross estate of said decedent. The petition will be dismissed, and it is so adjudged and ordered.
Booth, Chief Justice, concurs.
Graham, Judge, took no part in the decision of this case.