NELLE SADLER, APPELLEE, v. PERRY J. SADLER ET AL., APPELLANTS.

167 N. W. 2d 187

Filed April 18, 1969. No. 37173.

Stevens & Berry and Francine Berry, for appellants.

Daniel E. Owens, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ., and RONIN, District Judge.

CARTER, J.

This is a partition suit in which the plaintiff seeks to partition 80 acres of land and a residence property in Hitchcock County, Nebraska, all of which is accurately described in the petition. The trial court granted partition and the defendants have appealed.

The record discloses that Perry W. Sadler died testate on April 10, 1967, leaving a widow, the plaintiff; a son, Perry J. Sadler; a daughter, Luella McDonald; and a grandson, the son of a deceased daughter. By the terms of his will, the deceased devised the 80 acres of land to Perry J. Sadler and the residence property to Luella McDonald. The will made no provision for his widow,

Nelle Sadler, but it did provide as follows as to her: "I am now married to Nellie Sadler and I understand that she is entitled to a part of my estate and within the past few weeks I have transferred to her my bank account in the approximate amount of $2500.00, and also government bonds in the amount of $3500.00, and Hamilton Funds in the amount of $1000.00, and United Funds in the amount of $1000.00, and I consider and maintain that said transfers amount to one-fourth (1/4) of my estate and I therefore give and bequeath no further property to her." Nelle Sadler is not the mother of the children of deceased and is entitled to one-fourth of his estate of which he died seized as provided by section 30-101, R. R. S. 1943. It is admitted that the property given the wife prior to the death of her husband as described in the will amounted to one-fourth of his total estate at the time of its transfer.

The will was executed on March 20, 1967, and was admitted to probate following the death of Perry W. Sadler. On July 14, 1967, the widow filed an election to take under the statute which did not meet the requirements of section 30-107, R. R. S. 1943. It is contended by the widow, however, that an election to take under the will was not required for the reason that no provision was made for the widow in the will. The applicable statute, section 30-107, R. R. S. 1943, undertakes to give the widow the right of election only in case provision is made for her in the will. This has been the construction placed upon this statute for many years. In Gaster v. Estate of Gaster, 92 Neb. 6, 137 N. W. 900, this interpretation was placed on the statute in the following language: "Section 7 of the act undertakes to give the widow the right of election, but gives her such right only in case provision is made for her in the will; so that, if these provisions are taken literally, she has the right of election if she is remembered in the will; but, if nothing is given her in the will, she has no right of election nor any other right in the property of the hus-

band other than the homestead." If this were not so, the affirmative action of the widow not mentioned in the will would be required in order for her to become a beneficiary under section 30-101, R. R. S. 1943. This is not the intention of the statute, and the right of election is applicable only when the widow prefers the property given her by law to that given to her by the will.

The record shows that Perry W. Sadler executed his last will on March 20, 1967, and died on April 10, 1967. According to the will, Sadler transferred cash and bonds to his wife within a few weeks prior to the making of his will. It is stipulated that the cash and bonds were equivalent to one-fourth of Sadler's estate at the time of the transfer. The recitation in the will shows that Sadler knew that his wife was entitled to a one-fourth interest in his estate which he could not effectively dispose of by will. The quoted provision in the will shows that Sadler transferred the cash and bonds to his wife in lieu of the widow's interest under the law at the time of his death. The inference is clear that the widow has retained the cash and bonds, and, in addition thereto, is demanding a one-fourth interest in Sadler's estate which accrues upon the death of the husband. The question arises whether a widow may claim her interest under section 30-101, R. R. S. 1943, who has received a gift from the husband shortly before the will was made by a nontestamentary act of the husband with the intention of transferring her statutory interest in his estate to her before his death.

The statement of intention contained in the will that the testator intended to transfer the cash and bonds to his wife inter vivos in satisfaction of her interest in his estate as provided by section 30-101, R. R. S. 1943, in order that he could devise the 80 acres to his son and the residence to his daughter, is ineffective for any purpose. While he understood that his widow could not be divested of a one-fourth interest in his estate, he was

mistaken in assuming that the transfer of cash and bonds in his lifetime accomplished that purpose. When he transferred the cash and bonds to his wife, they were no longer a part of his estate and are conclusively presumed to be a gift inter vivos under the record before us. But such gifts from a husband to his wife do not affect a widow's interest by law in the husband's estate, although it was the result of a mistake of law. "The testator is bound to find and employ apt words to express his meaning; and if, knowing the words intended to be used, he approves them and executes his will, then he knows and approves the contents of his will, even though such approval may be due to a mistaken belief of his own, or to honestly mistaken advice from others, as to their true meaning and legal effect." Thompson on Wills (3d Ed.), § 136, p. 215. "* * * it is against sound public policy to permit a pure mistake to defeat the duly solemnized and completely competent testamentary act. It is more important that the probate of the wills of dead people be effectively shielded from the attacks of a multitude of fictitious mistakes than that it be purged of wills containing a few real ones. The latter a testator may, by due care, avoid in his lifetime. Against the former he would be helpless." In re Gluckman's Will, 87 N. J. Eq. 638, 101 A. 295.

It is provided by section 30-101, R. R. S. 1943, that when a husband shall die, leaving a wife surviving, all the real estate of which he was seized of which he possessed, either legal or equitable, shall descend subject to debts, one-fourth part to the wife if she is not the parent of all the children of the deceased and there be one or more children or the issue of one or more deceased children surviving. In McCormick v. Brown, 97 Neb. 545, 150 N. W. 827, it was held that a wife under this provision has an interest in the real estate of her husband which he cannot alienate without her consent. In the instant case, there is no evidence of consent by the wife even if it would be competent and material. The

contention that the transfer of cash and bonds in the lifetime of the testator had the effect of a compliance with the statute is untenable. The defendants cite no authority to sustain their position, nor have we been able to find such authority. The transfer of cash and bonds cannot be treated as an advancement, an ademption, an estoppel, a satisfaction, or a post-nuptial agreement which is void in this state. The meaning of the statute is clear, On this latter point, we said in Arent v. Arent, 104 Neb. 562, 178 N. W. 205: "If the meaning of the statute were obscure or its language ambiguous, it would be the duty of the court to ascertain and declare its meaning in a proper case, but where there is no obscurity or ambiguity, and the legislature has spoken in plain and ordinary language, it is not for the court to interpret language that needs no interpretation, but it is its duty to declare what has been plainly written as the law."

Irrespective of the inter vivos gift made by testator to his wife in his lifetime, and for whatever purpose, including that included in the recitation in his will, the widow is entitled to a one-fourth interest in his estate of which he died seized. The trial court was therefore correct in sustaining the right of the widow to partition the lands described in her petition.

AFFIRMED.