**UNITED STATES of America, Plaintiff,**

v.

**The EAST HALF (E½) SECTION TWELVE (12), TOWNSHIP NINETEEN (19) NORTH, RANGE FIFTY–FIVE (55) WEST OF THE 6TH P.M., BANNER COUNTY, NEBRASKA, and an 80 Acre Tract, Northwest Corner of Section (7), Being a Square Tract of Land Having Equal Sides of Approximately 1867 Feet, All in Section Seven (7), Township Nineteen (19) North, Range Fifty–Four (54) West of the 6th P.M., Banner County, Nebraska, Defendant.**

**No. CV87–L–611.**

United States District Court,
D. Nebraska.

Feb. 5, 1990.

172

Ronald D. Lahners, U.S. Atty., Lincoln, Neb., for plaintiff.

Robert J. Bulger, Bridgeport, Neb., Robert A. Winner, Scottsbluff, Neb., for defendant.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

Pursuant to an order of this court, Phyllis Kappen (Phyllis) has filed a showing of cause why her motion to intervene should not be barred under Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. (Filing 35). The United States has filed a "request for determination," filing 39, which is essentially a series of allegations that Phyllis' showing is not adequate. For the reasons set forth below, I conclude that Phyllis has shown cause

why her petition should not be barred by Rule C(6), and I shall grant her motion to intervene as a claimant in this action. I further conclude, for the reasons set forth below, that Phyllis' "motion to stay lis pendens," filing 26, which had been held in abeyance pending her showing of cause, should be denied.

## I.

This is a forfeiture action under 21 U.S.C. § 881. The complaint alleged that Roy Henry Kappen (Roy) was the record owner of the defendant property and Dale Shaul was the beneficiary of a deed of trust against the property. In December of 1987, Roy and Shaul were served with notice of the action and the seizure of the property by certified mail; a warrant for the arrest of the property was issued by the clerk of this court pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims and recorded in the office of the Register of Deeds of Banner County. Roy and Shaul filed claims to the property and answered the complaint.

In February of 1988, this court stayed this action pending the resolution of criminal proceedings against Roy in the County Court of Banner County. The stay was dissolved in October of 1988. The United States moved for summary judgment shortly thereafter, and that motion was denied in March of 1989.

Phyllis filed a "motion to intervene" in May of 1989. (Filing 24). The motion asserted an interest in the defendant property, and was therefore treated as a motion for leave to file a claim out of time under Rule C(6). In an earlier memorandum, I concluded Phyllis had standing to file a claim, that is, she had an interest in the defendant property. The original motion did not provide any reason why her claim was not timely filed. Under Rule C(6), a claim must be filed within ten days of the execution of process, unless the court allows additional time. In ordering Phyllis

to show cause for the delay in the filing of the claim, I concluded the showing must address three factors: (1) whether she was aware that her husband was served with process in December of 1987; (2) if not, the time she first learned of the forfeiture action; (3) the reason for any delay between that time and the filing of her motion in May of 1989.

The showing of cause contains the following allegations. Phyllis states that in December of 1987, Roy received an assortment of legal mail from courts and attorneys. Since she was not generally involved in the business and financial matters of her husband's farming operation, she did not read this mail and assumed that it related to the criminal actions against Roy. She further states that Roy did not inform her of the forfeiture action until May of 1989, and that immediately thereafter, she filed her motion in this court.

For its part, the United States argues that Phyllis' showing of cause is not adequate. From a review of the file in this matter, it appears this argument is based on incorrect information. The United States alleges that Phyllis did not serve her showing of cause on its attorney, but that it was able to obtain a copy of the documents filed by her through the clerk of this court. The United States makes reference to a deed of trust and a real estate transfer statement which, according to it, were filed as exhibits to Phyllis' showing of cause. The United States asserts that these documents do nothing to address the three issues identified in my earlier order. These documents are included in the file in this matter, but they were part of Phyllis' original motion, not her showing of cause. The deed of trust and the transfer statement do not directly pertain to the issues identified in my previous order. However, Phyllis' showing of cause does address those issues, although it appears counsel for the United States may not have actually seen that document.[1]

---

1. It will be necessary for Phyllis to serve copies of all further pleadings she submits to all other attorneys of record in this matter.

**174**

■ The United States also claims that the deed of trust and transfer statement do not create any sort of interest in favor of Phyllis in the defendant property. This necessitates some recapitulation of the nature of Phyllis' interest. I agree that it does not stem from these documents. However, Nebraska law does give Phyllis an interest. *Neb.Rev.Stat.* § 30–2313 gives a surviving spouse the right to take a share of a deceased spouse's real estate, in lieu of what he or she may receive under a will. Under former law, which essentially provided for a similar right of election, the Nebraska Supreme Court stated that this right gave a wife "an interest in the real estate of her husband which he cannot alienate without her consent." *Sadler v. Sadler*, 184 Neb. 318, 322, 167 N.W.2d 187, 190 (1969). The only reported federal decision discussing this issue indicated, although it did not decide, that a statute providing for the distribution of property between spouses could create an interest sufficient to give a spouse standing to assert a claim in a forfeiture action. *United States v. One Piece of Real Property Located on Trafalgar Street*, 700 F.Supp. 857, 862 n. 5 (D.S.C.1988). On the basis of these authorities, I have previously concluded Phyllis had an interest in the property. The fact that this interest is not created by the deed of trust and transfer statement, which was discussed in my earlier memorandum, does nothing to alter that conclusion.

A person cannot be deprived of property without due process of law. The fundamental requisites of due process are notice and an opportunity to be heard. *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970). No one contends that Phyllis was directly notified of this action through personal or mailed service of process. In addition to the certified mail notice to Roy and Shaul, the only other notification given was the publication of a notice in the *Scottsbluff Star–Herald,* a newspaper of general circulation in Banner County. *See* filing 10. However, this publication is not sufficient notice to an individual whose name and address are known or easily ascertainable. *Robinson*

*v. Hanrahan,* 409 U.S. 38, 40, 93 S.Ct. 30, 31, 34 L.Ed.2d 47 (1972). It appears that Phyllis could have been served with direct notice of the action as easily as her husband.

■ Record title to the property was not in Phyllis' name. As noted above, and discussed in my earlier memorandum, her signature of the deed of trust does not create a property interest in her favor, and there appears to be no other document of record suggesting that she holds title to the property. However, the presence of Phyllis' signature on the deed of trust, and the language in the document indicating that she was then the wife of Roy are significant. They show that Roy had a spouse at the time of the execution of the deed and identify that spouse. In light of Nebraska law regarding spousal interests, this information was sufficient to inform the United States that Phyllis would have to be given more direct notice of the action than publication. This is not a situation where there was no indication of the need to serve Phyllis from the record title. This is not a situation involving published notice to unknown, unnamed claimants. The state of the record title in this case was sufficient to put the United States on notice that Phyllis would have some sort of interest in the property, and provided sufficient information to permit the United States to serve her with notice of this action. Under the present circumstances, the United States was required, as a matter of due process, to provide such notice.

■ Of course, if Phyllis had actual notice of the forfeiture action, the failure to give her formal notice would not provide a justification for her delay in asserting her interest in the defendant property. *See Lehner v. United States*, 685 F.2d 1187, 1190–91 (9th Cir.1982) (plaintiff could not assert lack of written notice of foreclosure sale as constitutional infirmity when she had actual notice of sale), *cert. denied,* 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 790 (1983). However, Phyllis states in her showing of cause that she did not learn of the action until May of 1989. This statement is supported by the affidavit of Roy.

The United States does not controvert this assertion, and it is difficult to understand how it could. From what appears, Phyllis took steps to assert her claim promptly upon learning of the pendency of the action. Under the circumstances, she has shown adequate cause for her failure to file a claim within the time provided by Rule C(6).[2]

## II.

In my earlier memorandum, I stated that the questions raised by Phyllis' "motion to stay lis pendens," filing 26, would be deferred until the question of whether her claim was barred had been resolved. That question having been resolved favorably to Phyllis, it is appropriate to consider that motion. The motion is a challenge to the summary arrest, and continued detention, of the defendant property by the United States. According to Phyllis, the property is being permitted to deteriorate, and neither she nor anyone else is allowed to enter onto the property. Since Phyllis essentially seeks a determination that the arrest of the property was unconstitutional, I treat her motion as one to quash the arrest warrant which was issued in December of 1987, and release the property from the custody of the United States.

■ Under Rule C(3), the United States is entitled to obtain an arrest warrant for property which is the subject of a forfeiture action merely on the filing of a complaint. The warrant is issued by the clerk upon the filing of a complaint and affidavit. There is no provision for judicial review of the warrant request. Ultimately, in a forfeiture action, the government bears the initial burden of showing probable cause for the institution of the action; once such cause has been established, the burden shifts to the claimant to show that the property was not used in violation of criminal law. *United States v. Thirteen Thousand Dollars*, 733 F.2d 581, 584 (8th Cir. 1984).

In *United States v. South Half of Lot 7 and Lot 8, Block 14, etc.*, 876 F.2d 1362 (8th Cir.1989) (*South Half*), a panel of the Eighth Circuit Court of Appeals affirmed a decision of this court which held that the arrest of real property without a judicial determination of probable cause was a violation of the Fourth Amendment. The court reasoned that immediate arrest of real property was not necessary, given that it cannot be moved, and that permitting the United States to remove persons from the property without any sort of prior judicial determination of probable cause was an unreasonable seizure. *Id.* at 1369–71. That decision would support Phyllis' assertion that the arrest of the defendant property in this case was not proper, but the decision has been vacated for rehearing by the Eighth Circuit, *en banc. See* 883 F.2d 53 (8th Cir.1989). At the moment, therefore, the question raised by Phyllis' motion is one which is open in this circuit.

■ I agree with much of the reasoning of *South Half*, and would be inclined to apply similar reasoning to this case. The qualitative differences between real property and items such as cars, boats, planes, and currency seem to make arrest of the property without some form of prior judicial determination of probable cause unnecessary, and unreasonable under the Fourth Amendment. Despite my agreement with this logic, and the ultimate outcome of *South Half*, I cannot conclude that it entitles Phyllis to the quashing of the arrest warrant for the defendant property in this case. It is true that there had been no judicial determination of probable cause at the time the defendant property was arrested; indeed, at the time of the arrest, Roy had not yet been indicted on the under-

2. It will be necessary for Phyllis to file a formal claim and an answer to the complaint of the United States. I shall grant her time to do so. Additionally, the entry of Phyllis into this action may necessitate reconsideration of the scheduling of this matter, which is currently set for trial in March of 1990. Phyllis has submitted a letter regarding this matter, but it will be necessary for her to file a motion requesting a continuance. The letter also requests information regarding the appointment of counsel. I have no authority to appoint counsel in this case, but I would strongly suggest that Phyllis make every possible effort to obtain the assistance of counsel in this matter.

lying criminal charge. However, the indictment, and Roy's subsequent plea of guilty to drug charges, provide ample probable cause for the arrest of the property. In his petition to enter a plea of guilty, Roy stated:

> In late April, [sic] 1987, I entered into an agreement whereby I would purchase farm land which I knew would be used by others to cultivate marijuana. This farm land is located in Banner County, Nebraska.

*United States v. Kappen,* CR88–L–08, filing 18 at 7. There can be no question that the land referred to in the petition is the defendant property, and this statement provides probable cause to indicate that the land had been used to facilitate a violation of the laws of the United States.

■ The petition to enter a plea of guilty was not filed until July 1, 1988, long after the defendant property was arrested. Thus, it could not provide probable cause for the arrest of the property at the time the arrest actually occurred. Nevertheless, the relief Phyllis presently seeks is the quashing of the arrest warrant because it is not supported by probable cause, and a release of the property from its present detention. While the initial arrest may have been unconstitutional, and the detention of the property could have been unconstitutional until the petition to enter a plea of guilty was entered, the present detention of the property is not a violation of the Fourth Amendment. There is presently probable cause to arrest and detain the defendant property, and this cause existed prior to the filing of Phyllis' motion. I must therefore deny Phyllis' motion to stay lis pendens.

IT IS ORDERED:

1. The showing of cause of Phyllis Kappen as to why her claim should not be barred by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims is sufficient to permit her to file a claim in this action. Phyllis Kappen is hereby given until February 20, 1990, to file such a claim, and is given an additional twenty days after the filing of such claim to answer the forfeiture complaint of the United States.

2. The motion to stay lis pendens, filing 26, is hereby denied.