[No. 12824.   Department One. — May 24, 1892.]

JOHN  NORTON, Respondent, *v.* ALICE  WALSH
ET AL., Appellants.

Action — Parties — Suit by Administratrix for Individual Rights. —
An action instituted by a party on the one side for individual rights,
against herself as administratrix of her husband's estate, is irregular, and
should not be upheld.

Quieting Title — Judgment for Substituted Plaintiff against Substi-
tuted Administratrix — Appeal by Parties not Aggrieved — Dis-
missal. — Where an action was brought by an administratrix in her own
right against herself as administratrix of the estate of her deceased hus-
band and his heirs at law, to quiet title to land claimed by her as her
separate property, and claimed by the heirs as community property, and
judgment was given in favor of the successor in interest of the plaintiff,
who was substituted as plaintiff, and an order was afterwards made sub-
stituting him as *defendant* in the place of the heirs, whom he had bought
out, and judgment was afterwards rendered quieting title against a sub-
stituted administratrix and those claiming under her in her representa-
tive capacity, and "through the said estate," an appeal from the judgment
and an order denying a new trial, taken by the heirs, or by any person
not a party to nor aggrieved by the judgment, will be dismissed.

Id. — Appeal by Assignee of Rents and Profits. — An appeal cannot
be taken from such judgment by an attorney for one of the heirs, under
claim of a transfer of rents and profits accruing from the land in contro-
versy, whose claim was unknown to the substituted plaintiff, who pur-
chased the land and obtained the judgment quieting title to the land
against the substituted administratrix, and who was not a proper party
to the cause or to the judgment; nor can he prosecute an appeal through
heirs who are not aggrieved or affected by the judgment.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion.

*R. Percy Wright*, and *Theodore Bradley*, for Appellants.

*E. F. Preston*, for Respondent.

Foote, C. — This action was instituted originally by
Jane Fitzpatrick in her own right, against herself as
administratrix of the estate of her husband, John Fitz-
patrick, deceased, and his heirs at law, two daughters
by a former marriage, and their husbands.

To say the least, this effort to contend on one side for individual rights, and upon the other for those of a trustee, by the same person, inconsistent and opposed to each other as they are, is irregular, and not to be upheld.

The action is to quiet the title of the plaintiff to a certain piece of land which she claimed as her own separate property, and which, on the other side, was claimed to be community property.

The court below made findings which sustained the contention of the plaintiff. Before the judgment was entered, Jane Fitzpatrick died, and the present plaintiff, as her successor in interest, was substituted as plaintiff.

The next thing done, upon motion, was an order substituting this same Norton, as *defendant*, in the place of the two daughters of John Fitzpatrick and their husbands, he, Norton, as it appears from a bill of exceptions filed herein, having bought out the heirs of John Fitzpatrick in this land, and taken their conveyances. Thus it would seem that their interest became his, and he had no cause of action against them upon which he could demand judgment. Properly they were dropped from the case, and had no further concern with it so far as affected Norton.

But it also appears in this bill of exceptions that one R. Percy Wright, the attorney for one of the heirs at law, claimed to have a transfer of some rents and profits accruing from the land in controversy from Kate Kelly, one of the defendants. It also appears that whatever claim Wright had was entirely unknown to Norton when he took a conveyance to the land from the heirs at law, and he was, therefore, an innocent purchaser for value.

The evidence is very meager as to whether Wright had any claim at all, but even if he had as to the rents and profits, it is not perceived how he could become a proper party to this action.

The judgment which was afterwards rendered in the

case is not against any of the appellants here; it is against Kate Kelly Hiland, substituted administratrix for Jane Fitzpatrick, the former administratrix of John Fitzpatrick, and the estate of John Fitzpatrick, and those claiming under Kate Kelly Hiland in her representative capacity, and "through the said estate."

The appeal from the judgment is taken by R. Percy Wright (who, as we have seen, is not a proper party to the cause), and by the heirs at law and their husbands, none of whom are aggrieved or affected by the judgment. The other appeal is from an order denying a new trial, and is taken by the heirs at law and their husbands above mentioned; they have no interest in the controversy, and R. Percy Wright has no right to appeal through them. The only party against whom the judgment is given and made, the administratrix of the estate of John Fitzpatrick, prosecutes no appeal. It follows that these appeals have no place here, and should be dismissed.

Temple, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the appeals are dismissed.