[S. F. No. 691.   Department One.—February 12, 1898.]

HONORA SHARP, Appellant, v. LEOPOLD LOUPE et al., Respondents.

120    89
e139 656

ESTATES OF DECEASED PERSONS—GRANT OF POWER OF SALE TO EXECUTOR—COMMUNITY PROPERTY—DEBTS AND EXPENSES OF ADMINISTRATION—RIGHTS OF WIDOW—QUIETING TITLE.—The interest of the surviving widow in the community property is that of an heir, and her title to one-half thereof is to be administered as part of the estate of her husband, and she is only entitled to one-half of the residue after payment of the debts, family allowance, and charges and expenses of administration; and the testator may confer upon the executor a power of sale of the real estate of the community, and where it appears that a sale was made by the executor under such power for the purpose of paying claims against the estate and expenses of administration, and such sale was confirmed by the superior court, the widow cannot maintain an action to quiet title to one-half of the real property so sold, as against the purchaser, or his successor in interest.

ID.—DISPOSITION OF COMMUNITY PROPERTY—POWERS OF EXECUTOR—STATUTORY REGULATION.—The legislature may give to the husband the right to authorize the executor to sell the community property without first obtaining an order of court. The rights of inheritance, of testamentary disposition, and of the surviving widow in the community property, and the powers of the executor over the estate of the testator, including those which the statute has authorized the executor to confer upon him, are all matters of statutory regulation, and are such as are given by statute, and the extent to which the legislature has authorized the exercise of powers by the executor is to be determined from a consideration of the entire legislation upon the subject.

ID.—CONSTRUCTION OF CODES—"COMMUNITY PROPERTY"—"PROPERTY OF ESTATE"—POWER OF SALE.—Construing section 1402 of the Civil Code in connection with sections 1516, 1561, and 1562 of the Code of Civil Procedure, the "community property" is to be deemed the "property of the estate" of the husband in respect of which he may confer a power of sale upon the executor.

ID.—GENERAL POWER OF SALE—SALE TO PAY SECURED CLAIMS.—Where the executor has a general power of sale, the fact that he sold land to pay claims secured by other property of the estate cannot affect the validity of the sale confirmed by the court, or authorize the widow to claim title in the land sold as against the purchaser.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Rodgers & Paterson, and W. B. Sharp, for Appellant.

Lloyd & Wood, and A. C. Freeman, for Respondent, James Callaghan.

John J. Roche, for Respondent Leopold Loupe.

HARRISON, J.—George F. Sharp died October 17, 1882, leaving a last will and testament, in which he gave to his executor power "to sell, dispose of, and convey any portion of my estate, real, personal, and mixed, at either public or private sale, and for such price or prices as he may deem best, and to make good and sufficient conveyances thereof without any order or authority whatsoever from the probate or any court." All the estate left by him was community property acquired subsequent to his marriage with the plaintiff herein, who is his surviving widow. His will was admitted to probate, and, after notice to creditors had been given, various claims against his estate were presented and allowed. Among the claims so presented and allowed was one in favor of Ignatz Steinhart for fourteen thousand four hundred dollars, and one in favor of Wells, Fargo & Co. for eleven thousand two hundred and forty-seven dollars, each of which was secured by a mortgage of real estate, executed by the decedent. Under the authority conferred by the will, the executor sold certain real estate other than that covered by the mortgages aforesaid, and May 20, 1886, filed with the superior court a return of said sale, and, after proper proceedings therefor, the sale was confirmed by the court, and the executor, under the direction of the court, executed to the purchaser a conveyance purporting to convey to him all the right, title, and interest of the deceased at the time of his death in and to the said real estate. Said real estate was sold for thirty-seven thousand five hundred dollars, and the proceeds of the sale were applied in payment of the aforesaid claims of Steinhart and Wells, Fargo & Co., and for other purposes of administration, including the sum of seven thousand five hundred dollars paid to the plaintiff herein upon an order for family allowance made after the conveyance had been executed. The defendants herein succeeded to the interest conveyed by the executor, and thereafter, in 1891, the plaintiff commenced the present action to quiet her

title to an undivided half of the land so conveyed. Judgment was rendered in favor of the defendants, and the plaintiff has appealed.

It sufficiently appears from the record that the land was sold for the purpose of paying claims against the estate, and that the proceeds of the sale were applied in satisfaction of these claims and for other purposes of administration to which the entire community property is declared by the statute to be subject, and it must be assumed from the fact that the court confirmed the sale that the full market value of the land was received and has been appropriated for the benefit of the estate. Inasmuch as the plaintiff, as heir of her husband, is entitled to only the half of the residuum of the estate after the purposes of administration have been satisfied, and has already received from the sale of this land the advantage of the exoneration of the other portions of the estate from their liability for these claims and obligations, she does not base her claim upon any considerations of equity, but rests it entirely upon the construction to be given to the statute. The ground upon which she seeks to maintain her appeal is, that upon the death of her husband she immediately became vested with the ownership of an undivided one-half of all the community property, and that her husband could not confer upon his executor an authority to sell this interest; that the power of sale given in the will to his executor is limited to the one-half of which he had the right of testamentary disposition.

That the legislature could give to the husband the right to authorize the executor to sell any portion of the community property without obtaining an order of the court therefor cannot be questioned. The right of inheritance, as well as the right of testamentary disposition, are entirely matters of statutory enactment, and the latter may be exercised to such an extent or with such limitations as the legislature may prescribe. The right of the surviving widow in the community property is such as the statute has made it, and the same authority which declares the extent of her rights can also declare the time when, as well as the mode in which, they shall be ascertained and placed under her control. The powers of an executor over the estate of his testator are such as are given by statute, including those which the

statute has authorized the testator to confer upon him, and the extent to which the legislature has authorized the exercise of these powers is to be determined from a consideration of the entire legislation upon the subject.

Section 1402, of the Civil Code, provides: "In case of the dissolution of the community by the death of the husband, the entire community property is equally subject to his debts, the family allowance, and the charges and expenses of administration." This is the same rule expressed in different terms as is declared in section 1516, of the Code of Civil Procedure: "All the property of a decedent shall be chargeable with the payment of the debts of the deceased, the expenses of administration, and the allowance to the family, except as otherwise provided in this code and in the Civil Code"; the phrase "all the property of a decedent" in the latter section being the equivalent of "the entire community property" in the former. (*Estate of Burdick*, 112 Cal. 387.) Section 1560, of the Code of Civil Procedure, implies an authority in the testator to designate by his will a portion of his estate to be appropriated for the payment of the claims or obligations which are made "chargeable" upon all his property, and to which the entire community property is also made "subject"; and by section 1562, if the property thus designated is insufficient for this purpose, resort may be had to other portions of the estate. The estate which the testator may thus designate for this purpose is that of which he may die seised, and upon which the foregoing claims and obligations are chargeable, and of necessity includes community property, for there is no authority for the administration of the estate except as an entirety. By virtue of section 1536 the estate so designated is to be appropriated to the payment of these claims by means of a sale which, in the absence of any authority in the will, must be made "upon the order of the court." Section 1561, however, implies an authority in the testator to confer power upon his executor to sell property without the order of the court, and declares that when such authority is given the executor may sell any "property of the estate" without such order. The "property of the estate" here referred to must receive the same construction as the same words have when used in other sections of this title, and must include the entire interest in the property

of which the decedent died seised, including the interest of the surviving widow, as well as that of the other heirs. It was held in *Estate of Burdick, supra,* that the interest of the surviving widow in the community property is that of an heir, and that her title to one-half of the community property is to be administered as part of the estate of her husband. As in the case of any other heir of her husband, she is not entitled to an undivided portion of each piece of property of which her husband died seised, but only to one-half of the residue of his estate which shall remain after paying the debts, family allowance, and charges and expenses of administration.

The appropriation of the land by a sale to the payment of the claims to which it is made subject is the same whether done under an authority given by the will, or by the direction of the court. In either case, it is an act done in the administration of the estate, and, if authorized by statute, is equally binding upon all parties interested in the estate. The fact that the executor sold the land in question for the purpose of paying claims that were secured by other property of the estate gives no greater right to the plaintiff. The authority given in the will was general, and applied to all the estate of the decedent; and the executor was vested with a discretion to determine what property should be sold. The testator had the same right to authorize the executor to determine the portion of his estate which should be sold for the purpose of paying his debts as he had to designate any portion to be appropriated for their payment.

The judgment is affirmed.

Van Fleet, J., and Garoutte, J., concurred.

Hearing in Bank denied.

In denying the hearing in Bank, the following opinion was rendered on the fourteenth day of March, 1898.

THE COURT.—A rehearing is denied. The opinion filed herein is not to be construed as holding that the husband can confer upon his executor testamentary authority to sell or otherwise dispose of any portion of the community property except for the purpose of satisfying the claims and demands which by the statute are made chargeable upon the community property.