## In re WICKERSHAM'S ESTATE.*

### S. F. Nos. 2873, 2874; December 19, 1902.

#### 70 Pac. 1079.

Community Property—Will.—A Husband has No Power to Provide in his will for a sale of community property except to pay debts.

Community Property.—An Executor's Return of Sale of Community property under a power in the husband's will is defective where it fails to show that the property was sold for the payment of debts, though it appears that it was sold under the power in the will.

Community Property—Power of Sale in Will.—A Wife's Interest in community property is adversely affected by a sale thereof under a power in her husband's will.

Community Property—Sale Under Power in Will—Appeal.—Under Code of Civil Procedure, sections 153, 940, 956, providing that the notice of appeal shall state the judgment, order, or specific part

*For subsequent opinion, see 138 Cal. 355, 70 Pac. 1076.

thereof, appealed from, and that the court on appeal from a judgment may review the verdict or decision and any intermediate order or decision which involves the merits or affects the judgment, the court, on appeal from an order of sale of community property under a power in the husband's will, can review error in including the wife's interest in the order, though it was correct as to the interest of the husband.

**Community Property—Sale Under Power in Will.—On Appeal** from an order of sale of community property under a power in the husband's will on the ground that the wife's interest in the property was erroneously included, the executors of the husband could not represent the wife's estate, their interest being adverse.

**Community Property—Sale Under Power in Will—Appeal.—**Under Code of Civil Procedure, section 1452, providing that heirs or devisees may themselves, or jointly with the executor, maintain an action for the possession of real estate or to quiet title to the same, the heirs of a deceased person are entitled to all actions and defenses necessary to the protection of their property, except those depending on the right of possession; and hence the heirs of a deceased wife are entitled to prosecute an appeal from an order obtained by the executors of the husband for the sale of community property under a power in the husband's will.

APPEAL from Superior Court, Sonoma County; Albert G. Burnett, Judge.

Judicial settlement of the estate of I. G. Wickersham, deceased. From orders confirming sales of certain realty by the executors, Mrs. Cora Wickersham, as executrix of Frank Wickersham, and guardian of I. G. Wickersham, an infant, appeals. Reversed.

Francis J. Heney and Cowan & Juilliard for appellant; Lippitt & Lippitt and Campbell, Metson & Campbell for respondents.

PER CURIAM.—These are appeals from orders of the court confirming sales of real estate made by the executors under a power of sale in the will of deceased. They involve the same questions, and are submitted on the same briefs. In what we have to say, the former appeal is directly referred to, but the decision will apply to both. The appellants are the same as the appellants in the case of the same title, S. F. No. 3037, and as the respondents in case S. F. No. 3157, just decided (138 Cal. 355, 70 Pac. 1076); and as in those cases the principal question involved is as to their right to be heard in opposition to the sale. On this ques-

tion the court held the negative. But the case presented by the appellant's written opposition to the sale is substantially the same as presented in the former cases, and on the authority of the decision there, and under the provisions of section 1553 of the Code of Civil Procedure, this ruling of the court must be held to be erroneous.

It is objected, however, by the respondents' counsel, that the appellant's opposition does not show that the order was in fact erroneous, which is apparently the case. But assuming the objection to be material, it is answered by the fact that the executors' return of sale is itself materially defective in failing to show that the sale was made for the payment of debts, for which alone they were authorized to sell: Sharp v. Loupe, 120 Cal. 89, 52 Pac. 134, 586. The petition does, indeed, allege that the sale was made under the powers of the will, and ordinarily this would be sufficient (Code Civ. Proc., secs. 1561, 1562); but where the property sold is community property, this is not so, for it is a cardinal rule of practice that the decision of the court is, or at least ought to be, merely the application of the law to the facts presented to it, and that, in the absence of facts justifying it, the decision is at least erroneous. But the testator had no power to authorize the sale of his wife's interest, except for payment of debts (Sharp v. Loupe, supra); and hence, as it appears from the appellant's allegations that the property sold was community property, the return is insufficient to show the executors' power to sell, which, to justify the action of the court, should have been made to appear.

Other points made by respondents seem hardly to require consideration. Thus it is objected that, assuming the correctness of appellant's contention, the sale could not affect the wife's interest in the community property. But the contrary is expressly held in the case of Sharp v. Loupe, cited above. The case of King v. Lagrange, 50 Cal. 328, holding the contrary, involved the construction of the law as it stood in 1853, of which it may have been a correct exposition. Otherwise its authority must give way to that of the later decision. Still less can the objection be entertained that, the appeal being from the whole order of sale, and the sale being valid as to the husband's interest, the order cannot be reversed because the wife's interest was erroneously

included. Anything that may be reviewed on appeal from a part of a judgment may be reviewed also on an appeal from the whole judgment, though the converse is not true: Code Civ. Proc., secs. 153, 940, 956. Again, still less can the point, waived and yet argued in one of the briefs, be maintained that the executors alone could represent the estate of Lydia Wickersham in the present proceeding. As to themselves, occupying as they did a position hostile to that estate, they, at least, could not represent it: Townsend v. Tallant, 33 Cal. 52, 91 Am. Dec. 617; Norton v. Walsh, 94 Cal. 564, 29 Pac. 1109. On the other hand, the heirs of a deceased person succeed at once to their respective interests, from which it follows, as in the case of other owners, they are entitled to all actions and defenses necessary to the protection of their property, except those depending on the right of possession; which, as essential to the performance of their functions, are exclusively vested in the executor: Code Civ. Proc., sec. 1452; Bates v. Howard, 105 Cal. 183, 38 Pac. 715.

For the reasons given, the orders appealed from in the two cases must be reversed, and it is so ordered.