[No. 2204]

IN THE MATTER OF THE ESTATE OF WARREN W.
WILLIAMS, DECEASED.

[161 Pac. 741]

1. TAXATION—INHERITANCE TAX—COMMUNITY PROPERTY—INTEREST
OF WIFE.

Under Rev. Laws, 2156, defining community property, and
section 2165, providing that upon the death of the husband
one-half of the community property goes to the surviving wife,
the right of the wife in the community property during her
husband's life is not a mere expectancy, but is a property inter-
est, though subject to the husband's control, and at the hus-
band's death it is merely freed from his control, and does not
pass under the inheritance laws, and therefore is not subject
to taxation under Stats. 1913, c. 266, sec. 1, imposing a tax on
all property passing by will or statutes of inheritance.

2. HUSBAND AND WIFE—COMMUNITY PROPERTY—NATURE OF WIFE'S
INTEREST—STATUTE—"HELD."

The use of the expression "goes to" the wife in Rev. Laws, .
2165, different from the expression "belongs to" the husband in
sec. 2164, does not show an intention of the legislature that the
interest of the wife in the community should vest only after the
husband's death, in view of Const., art. 4, sec. 31, requiring
laws to be passed defining the rights of the wife to property
held in common with her husband, since "held" does not convey
the idea of mere expectancy, but imports ownership.

APPEAL from Eighth Judicial District Court, Churchill
County; *T. C. Hart*, Judge.

PROCEEDINGS to determine the tax on the estate of
Warren W. Williams, deceased. From an order adjudging
the wife's interest in the community subject to tax, the
wife appeals. **Reversed and remanded,** with instruc-
tions to enter judgment for appellant.

*Hoyt, Gibbons & French*, for Appellant:

As the laws of inheritance between husband and wife
apply only to the separate property, the husband and wife
do not inherit any part of the community property from
each other, therefore the portion of the widow is not
subject to the inheritance tax. (Rev. Laws, 6116, 6125.)

If throughout her married life the wife had an undivided
interest in the community estate, it must follow that
upon the death of the husband she merely continues the

owner and holder of the estate which she has owned throughout the married relation, the other one-half passing to heirs other than herself, or to devisees under the will of the deceased. (Const. Nev., sec. 31, art. 4.)

In obedience to the mandate of the constitution, the legislature provided what is separate property and what is community property, clearly specifying that the estate known as community property is held by the husband and wife just as an estate of joint tenancy may be so held. (Rev. Laws, 2156; *Holyoke* v. *Johnson*, 3 Pac. 841; *Warburton* v. *White*, 176 U. S. 484, 44 L. Ed. 555; *Arnett* v. *Reade*, 220 U. S. 311, 55 L. Ed. 477, 36 L. R. A. n. s. 1040; 5 R. C. L. 823.)

The surviving spouse does not acquire the estate of the deceased spouse by inheritance, and hence the share of a widow is not subject to the tax imposed upon inheritances. (*Marshall's Succession*, 118 La. 212, 42 South. 778; *Kohny* v. *Dunbar*, 121 Pac. 544; 39 L. R. A. n.s. 1107.) Under the law as construed in Nevada this is the generally recognized doctrine, and has been in principle already adopted as the rule of decision. (*Wright* v. *Smith*, 19 Nev. 146, 7 Pac. 365; *In Re Sanford's Estate*, 137 N. W. 864; *In Re Inheritance Tax of Strahan's Estate*, 142 N. W. 678.)

With the exception of the State of Illinois, where common-law dower obtains, and the State of California, where community-property law obtains, all of the states sustain the contention that upon the death of the husband the wife's estate comes to her by operation of law, and is therefore not subject to inheritance tax. (*In Re Bullen*, 151 Pac. 533.)

*Geo. B. Thatcher*, Attorney-General, for Respondent:

The California decisions, being based upon a statute similar in all respects to that of Nevada, should be followed, and the decision of the lower court herein affirmed. (Rev. Laws, 2165; Cal. Civil Code, 1903, sec. 1402.) The California Supreme Court has rendered a number of decisions determining the interest of the widow in the

community property. (*In Re Burdick*, 112 Cal. 393; *Spreckels* v. *Spreckels*, 116 Cal. 339; *Sharp* v. *Loupe*, 120 Cal. 93.) None of the foregoing cases was decided on a question of taxation of the community property under an inheritance tax law, for the reason that such law was not adopted in California until 1905. However, immediately upon the adoption of the inheritance tax law, the supreme court of that state reaffirmed the doctrine that the widow takes her share of the community property as an heir. (*Estate of Moffitt*, 153 Cal. 359; *People* v. *Lebus*, 96 Pac. 1118; *Estate of Kennedy*, 157 Cal. 523; *Estate of Rossi*, 169 Cal. 148.)

"In arriving at the meaning of the statute under consideration, it is proper to remember that a succession tax is not a burden imposed upon property, but is a privilege tax upon the right of taking property from another, whether by will or devolution as a matter of law." (*Knox* v. *Emerson*, 123 Tenn. 409.)

It cannot be said that the estates of husband and wife in community property are identical, when in the case of the death of the wife the whole estate "belongs" to the husband, while in the case of the death of the husband one-half of the community property "goes" to the wife. (Rev. Laws, 2164; *State* v. *Fox*, 45 N. W. 875; *Gammon* v. *Gammon Theological Seminary*, 153 Ill. 41, 38 N. E. 890; *Commonwealth* v. *Hamilton*, 81 Mass. 480; *Wright* v. *Smith*, 19 Nev. 143; *Estate of Cook*, 34 Nev. 217; *Thornton* v. *Zea*, 22 Tex. Civ. App. 509.)

By the Court, McCARRAN, J.:

Warren W. Williams died January 24, 1914, leaving an estate approximating $384,000. In arriving at an amount upon which an inheritance tax would fall, deductions were made amounting to $55,887.77, leaving a balance in the estate of $328,527.33.

The deceased left a will in which he set forth:

"I hereby declare that all of my property is community property, one-half of which belongs to my wife; and for

that reason I hereby refrain from any attempt to in any wise dispose of that portion of the same by will or testament."

The district court found that the estate of the surviving wife came to her by inheritance and was liable to taxation under our inheritance tax law, and therefore adjudged the amount of $4,620.55 to be payable against the widow's one-half of the community property. From this order appeal is taken.

One question is presented here, namely, did the surviving widow of Warren W. Williams, deceased, take her one-half of the community property left by the decedent as an heir, or was the one-half of the community property something which belonged to her absolutely in her own right and as such did not pass to her by succession or inheritance?

Our inheritance tax law was enacted by the legislature of 1913, and is found on page 411 of the session acts of that year.

Section 1 of the act provides:

"A tax shall be and is hereby imposed upon the transfer of any and all property within the jurisdiction of this state, and any interest therein or income therefrom, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, not hereinafter exempted, which shall pass in trust or otherwise by will or by the statutes of inheritance of this or any other state or by deed, grant, sale, or gift made without valuable and adequate consideration in contemplation of the death of the grantor, vendor, assignor, or donor or intended to take effect in possession or enjoyment at or after such death, as specified in this act.　*　*　*"

The property in question, being one-half of the property of which the decedent died possessed, did not pass by will in this instance, inasmuch as the decedent made no attempt to convey in that manner. Our state is one of those in which the law of community property prevails. In 1873 our legislature, in compliance with constitutional

provision, passed an act, defining the rights of husband and wife, and section 1 thereof prescribes:

"All property of the wife, owned by her before marriage, and that acquired by her afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is her separate property; and all property of the husband, owned by him before marriage, and that acquired by him afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is his separate property." (Rev. Laws, 2155.)

By section 2 of the act, the legislature of this state specifically defined and limited the property that should be known and designated as community property. It says:

"All other property acquired, after marriage, by either husband or wife, or both, except as provided in sections 14 and 15 in this act, is community property." (Rev. Laws, 2156.)

Section 14 of the act has to do with the earnings and accumulations of a wife while living separate from her husband; section 15 bears upon a similar subject; and neither has any effect on the matter under consideration. Section 2165 of our Revised Laws provides:

"Upon the death of the husband one-half of the community property goes to the surviving wife, and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition goes to his surviving children equally, and in the absence of both such disposition and surviving children, the entire community property belongs without administration to the surviving wife, except as hereinafter provided, subject, however, to all debts contracted by the husband during his life that were not barred by the statute of limitation at the time of his death.   *   *   *"

Hence, in the event of the death of the husband, one-half of the community property, according to the statute, "goes to the surviving wife," and the other half is subject to whatever testamentary disposition the deceased husband may have seen fit to make.

The language of our statute relative to the disposition of the community property in the event of the death of the wife is somewhat different. It provides:

"Upon the death of the wife the entire community property belongs, without administration, to the surviving husband. * * *" (Rev. Laws, 2164.)

Hence in these two sections of our Revised Laws, passed long prior to the time at which any inheritance tax law was considered in this state, we find the law governing the disposition of property belonging to the estate which was held in the community of husband and wife, the record title of which may have been in the husband alone.

1. It is the contention of respondent in this instance that the one-half of the community property which under the statute goes to the surviving wife is but an estate in expectancy, and that she takes the same as an heir. In support of their contention, they cite the several decisions rendered by the Supreme Court of California, and lay special emphasis upon the fact that these decisions were rendered in the light of a statute of which our section 2165 is in all probability a copy. (*In Re Burdick*, 112 Cal. 393, 44 Pac. 734; *Spreckels* v. *Spreckels*, 116 Cal. 339, 48 Pac. 228, 36 L. R. A. 497, 58 Am. St. Rep. 170; *Sharp* v. *Loupe*, 120 Cal. 93, 52 Pac. 134, 586; *Plass* v. *Plass*, 121 Cal. 133, 53 Pac. 448; *Estate of Moffitt*, 153 Cal. 359, 95 Pac. 653, 1025, 20 L. R. A. n.s. 207; *Keating* v. *Smith*, 154 Cal. 186, 97 Pac. 300; *Estate of Kennedy*, 157 Cal. 523, 108 Pac. 280, 29 L. R. A. n.s. 428; *Estate of Rossi*, 169 Cal. 148, 146 Pac. 430; *Knox* v. *Emerson*, 123 Tenn. 409, 131 S. W. 972.)

We are further reminded by respondent that as early as 1860 the Supreme Court of California, speaking through Mr. Chief Justice Field, used the expression:

"The interest of the wife is a mere expectancy, like the interest which an heir may possess in the property of his ancestor." (*Van Maren* v. *Johnson*, 15 Cal. 308.)

The expression of the Supreme Court in that case was commented on in the later case of *De Godey* v. *Godey*, 39 Cal. 164, and there the court, referring to the community property, said:

"It belongs to the matrimonial community, and not less to the wife than to the husband. It is true that the interest of the wife therein pending the marriage has been termed 'a mere expectancy' (*Van Maren* v. *Johnson*, 15 Cal. 308); but while, perhaps, no other technical designation would so nearly define its character, it is, at the same time, an interest so vested in her, as that husband cannot deprive her of it by his will (*Beard* v. *Knox*, 5 Cal. 256, 63 Am. Dec. 125), nor voluntarily alienate it for the mere purpose of divesting her of her claims to it."

The court, continuing, made the further observation, and one which we deem pertinent on the subject, bearing upon the thought evidenced in the written lines of statute law, that the wife is an active party in the community, and where by their joint efforts the husband and wife acquire property, her right therein at all times is a thing recognized. The court says:

"The theory upon which the right of the wife is founded (as we said in *Galland* v. *Galland*, 38 Cal. 265) is that the common property was acquired by the joint efforts of the husband and wife, and should be divided between them if the marriage tie is dissolved either by the death of the husband or by the decree of the court, etc. Her mere right in the community property is as well defined and ascertained in contemplation of law, even during the marriage, as is that of the husband. It is true that the law confers upon the latter the authority to manage and control it during the existence of the marriage, and the power to sell it for the benefit of the community, but not, as we have seen, so as to defraud the community of it."

In the *Matter of the Estate of Burdick*, 112 Cal. 387, 44 Pac. 734, the court there, speaking of the wife's interest in the community property, reasons thus:

"No one disputes that it is succession; but the language is the same in regard to the moiety given to the wife. It 'goes' to her just as it 'goes' to the descendants."

The term "goes," as used in section 1402 of the civil code of California, it will be seen, is used in section 2165 of our

code. This is the term referred to where, in the assertions last quoted, the court says, "It 'goes' to her just as it 'goes' to the descendants." This conclusion is scarcely borne out by the provisions of the statute, because under any number of decisions in California, as well as in other jurisdictions having similar code provisions, it has been held that the portion of the community property which is by statute reserved to the wife is not subject to testamentary disposition; and it cannot be correctly said that it goes to her just as it goes to the descendants. The descendants may take by will or under the statutory provisions governing the laws of descent, but to the wife is expressly reserved one-half of the property belonging to the community to which she contributed her efforts jointly with her husband. Community property, that peculiar class of property designated by statute, contemplates the existence of only two persons, namely, the husband and wife, living in the marriage status. Other descendants play no part in the creation of this estate. They may contribute to its accumulation or they may not. As to this the law gives no concern. But as to the community of husband and wife, the law contemplates property acquired by the joint efforts of the two, and seeks to designate, without segregation, an interest of which the wife cannot be deprived by the testamentary act of her husband, and to that extent goes to her by operation of the very law which created the estate itself, as distinguished from that portion of the community property which may go to the descendants under testamentary disposition or the laws of descent.

Mr. Justice Harrison, in a separate opinion concurred in by Justice Garoutte, in the *Matter of the Estate of Burdick, supra,* said:

"The wife's interest in the community property upon the death of the husband has many incidents similar to those of an heir, but I do not think that, under the language and spirit of the laws of this state, she can be said to be his heir to her share of that property, or

that her interest therein comes to her by virtue of a 'succession' to the property of her husband. The property that is acquired by the labor of the wife during the marriage, equally with that acquired by the labor of the husband, becomes community property; and, although section 172 of the civil code gives to the husband the management and control of the community property—that acquired by her labor as well as that acquired by his—yet by the terms of the same section he cannot give away, or convey without valuable consideration, any portion of this property, unless she gives her written consent thereto."

Continuing, he said:

"Although this interest of the wife in the community property may not fall within the common-law definition of an 'estate,' it is not to be classed as a 'mere possibility,' like the expectancy of an heir."

After referring to the cases of *Van Maren* v. *Johnson, supra,* and *Packard* v. *Arellanes,* 17 Cal. 525, as to the term "mere expectancy," used in those cases, the learned justice continued by saying:

"It is a misapplication of terms to say that the property which the wife has 'acquired' during the marriage by her skill or labor, and of which her husband had not, in his lifetime, any power of voluntary conveyance, except with her consent, or of testamentary disposition, is inherited from him; and to refer her rights in the community property to 'succession,' under the language of section 1383 of the civil code, begs the entire question."

The position taken by the Supreme Court of California in the *Matter of the Estate of Burdick, supra,* was again accepted by that court in the case of *Spreckels* v. *Spreckels,* 116 Cal. 339, 48 Pac. 229, 36 L. R. A. 497, 58 Am. St. Rep. 170. In these cases the question of the application of the inheritance tax law was not under consideration, but in the case of the *Matter of the Estate of Moffitt,* 153 Cal. 359, 95 Pac. 653, 1025, 20 L. R. A. n. s. 207, the question of the surviving wife's share of the community property

being subject to the payment of inheritance tax was the principal matter under consideration and the court there, in applying the inheritance tax law, referred to and reaffirmed the rule laid down in the cases of *In Re Burdick*, *Spreckels* v. *Spreckels*, and *Sharp* v. *Loupe*, and in reality made the rule in these cases the basis for the conclusion that the interest of the wife in the community property is subject to the inheritance tax.

In the *Matter of the Estate of Kennedy*, 157 Cal. 516, 108 Pac. 280, 29 L. R. A. n. s. 428, the question of the application of the inheritance tax law to the wife's portion of the community property was again under consideration, and there again the court referred to its former decisions, and especially to the decision in the *Matter of the Estate of Moffitt, supra,* and in respect to the latter said that the conclusion there reached—

"was based solely on the proposition, established in this state by several prior decisions, that the wife takes such property solely by succession as an heir of the husband, and therefore 'by the intestate laws of this state.'"

The Supreme Court of Illinois, in the case of *Billings* v. *People,* 189 Ill. 472, 59 N. E. 798, 59 L. R. A. 807, had under consideration the application of an inheritance tax as applicable to property passing to a surviving wife under a statute which read as follows:

"The surviving husband or wife shall be endowed of the third part of all of the lands whereof the deceased husband or wife was seized of an estate of inheritance, at any time during the marriage, unless the same shall have been relinquished in legal form." (Hurd's Rev. St. Ill. 1899, c. 41, sec. 1.)

The court there, speaking through Mr. Justice Carter, held that a wife's interest in the realty of her deceased husband was subject to the tax.

Hence, in these two jurisdictions, one a community, the other a dower estate, the courts have held practically to the same conclusion, namely, that the wife takes as an heir from her husband.

The Supreme Court of Nebraska, in considering the

question in the light of statutes which do not recognize
community property as such, but under which the sur-
viving spouse takes a one-fourth interest of all the real
estate of which the wife or husband was seized of an
estate of inheritance, at first followed the rule laid down
by the Supreme Court of California in *Re Moffitt* and *In
Re Kennedy*, and likewise adopted the conclusion reached
by the Supreme Court of Illinois in the case of *Billings
v. People;* and in the *Matter of the Estate of Sanford*, 90
Neb. 410, 133 N. W. 870, 45 L. R. A. n. s. 228, held that
the surviving wife's interest was subject to the inher-
itance tax; but the court, on rehearing in the last-named
case, reversed its former decision made in the same case,
and held that the value of the widow's dower interest
should be deducted from the appraised value of the estate
and the inheritance tax should be computed on the
remainder thereof.    In this respect the court said:

"It would seem, from a review of the cases decided
since our opinion was adopted that such is the weight of
authority.    The reason for the rule seems to be that the
widow takes her dower interest in the estate of her
deceased husband by operation of law; that she could not
be deprived of it by his will; that it is something which
belongs to her absolutely and independent of any right
of inheritance or succession, and therefore so much of
the estate as belonged to her by right is not chargeable
with an inheritance tax." (*In Re Sanford*, 91 Neb. 753,
137 N. W. 864, 45 L. R. A. n. s. 236.)

Considering the same subject in the *Matter of the
Estate of Strahan*, 93 Neb. 828, 142 N. W. 678, the court
reaffirmed its position laid down on rehearing in *Re
Sanford*, and there made some very pertinent observa-
tions bearing on the reason for the conclusion reached
relative to the nature of the wife's interest by dower in
the estate of her deceased husband, saying:

"She cannot be deprived of that interest by his will.
It is something which belongs to her absolutely and
independently of any right of inheritance or succession.
Strictly speaking, the widow's share should be considered

as immune, rather than exempt, from an inheritance tax. It is free, rather than freed, from such tax. It is not excepted from the taxable class because it never was in such class. Like all debts, taxes, costs, expenses and other similar items, it is deducted before any inheritance tax is assessed. The share of the realty and personalty, which under our law go to the widow independent of any will or act of the husband, is not, so to speak, a part of his estate, and is no more liable to a succession tax at his death than is her individual property derived from her own ancestors and held in her own name, though the husband may have had the management and control of the estate during his lifetime. The effect of our decedent law is practically the same as the law of community of property, and the courts of those states which have adopted that law have held, with but a single exception, that the wife is not liable, upon the death of her husband, to pay an inheritance tax on her one-half of the community property, for the reason that the property does not pass to her by will or by the intestate laws of the state."

They commented on the rule applied thus:

"It is sustained by the greater weight of authority, and the more recent decisions of the courts of last resort in this country."

In the *Matter of Avery's Estate*, 34 Pa. 204, the supreme court of that state held that where a testator devised his whole estate to his executors in trust for legatees and devisees, and the widow refused to take under the will, she took her share under her paramount title as a widow, and not as a payment out of the fund bequeathed to the executors in trust, and that therefore her share so taken was not subject to inheritance tax.

*In Re Weiler*, 122 N. Y. Supp. 608, and *In Re Starbuck*, 122 N. Y. Supp. 584, and in many other cases referred to, the courts of New York, in dealing with the widow's estate of dower, have held that such "was property which became vested as an inchoate estate upon her marriage and consummate upon the death of her husband, independent of the will, and not by virtue thereof."

Speaking on the subject of the exemption of community property from inheritance tax, Mr. Ross, in his work on Inheritance Taxation, page 83, comments thus:

"That the independence of dower from the law of succession and testamentary disposition, and its consequent exemption from inheritance taxation, have not readily been discerned, is not surprising in view of the peculiar features of dower and the obscurity of the law on which it rests. The surprise comes when, in a jurisdiction where the community system has been adopted, the exemption of the share of a wife in the common property on the death of her husband should be doubted. Yet that doubt has arisen, and, in California, has been resolved adversely to the wife. Some years ago the supreme court of the state made the startling announcement that the interest of a wife in the community property during the lifetime of her husband is only an expectancy, and that on his death she takes it as his heir. (*Matter of Burdick*, 112 Cal. 387; *Spreckels* v. *Spreckels*, 116 Cal. 339; *Sharp* v. *Loupe*, 120 Cal. 89.) This notion all but ignores the community property rights of the wife, and reduces the community system to a mere name without substance. It is a misconception of the law, and has been so recognized by other courts, but it is still adhered to in California, with the result that the share of a wife in the community property is, on her husband's death, subject to the inheritance tax."

A consideration of this matter was entertained by the Supreme Court of Idaho in the case of *Kohny* v. *Dunbar*, 21 Idaho, 258, 121 Pac. 544, 39 L. R. A: n.s. 1107, Ann. Cas. 1913D, 492. The statute of Idaho, like our statute, provides that: "All other property acquired after marriage by either husband or wife, including the rents and profits of the separate property of the husband and wife, is community property, unless by the instrument by which any such property is acquired by the wife it is provided that the rents and profits thereof be applied to her sole and separate use. * * *"

The Idaho statute in this respect compares with section

2156 of our Revised Laws. Section 2686 of the statute of Idaho provides:

"The husband has the management and control of the community property, with the like absolute power of disposition, other than testamentary, as he has of his separate estate. * * *"

This section of the Idaho statute compares with section 2160 of our Revised Laws. Section 5713 of the Revised Code of Idaho is as follows:

"Upon the death of either husband or wife, one-half of the community property shall go to the survivor, subject to the community debts, and the other half shall be subject to the testamentary disposition of the deceased husband or wife, subject also to the community debts. In case no testamentary disposition shall have been made by the deceased husband or wife of his or her half of the community property, it shall descend equally to the legitimate issue of his, her or their bodies. If there be no issue of said deceased living, or none of their representatives living, then the said community property shall all pass to the survivor, to the exclusion of collateral heirs, subject to the community debts, the family allowance, and the charges and expenses of administration."

The provision in this section of the codes of Idaho by which one-half of the community property goes to the surviving spouse differs some from sections 2164 and 2165 of our Revised Laws, inasmuch as by the former section of our code it is provided that on the death of the wife the entire community property belongs without administration to the surviving husband, while in the latter section of our code it provides, as does the code of Idaho, that upon the death of the husband one-half of the community property goes to the surviving wife, and the other half is subject to testamentary disposition of the husband.

Mr. Justice Ailshie, in speaking for the Supreme Court of Idaho, after dwelling at some length on the laws of that state relative to the acquisition and disposition of community property, says:

"The foregoing section (section 5713, Revised Codes) of

the statute recognizes the husband and wife as equal partners in the community estate, and it authorizes each to dispose of his or her half by will.   It also provides that the survivor shall continue to be the owner of half of such property subject only to the payment of the community debts.   This statute clearly and unmistakably provides that the surviving spouse takes his or her half of the community property, not by succession, descent, or inheritance, but as survivor of the marital community or partnership."

In an early case (*Hall* v. *Johns*, 17 Idaho, 224, 105 Pac. 71) that court had expressed itself that:

"The title to the community property is in the husband, and during the existence of the community, the wife's interest in the community property is a mere expectancy."

In the case of *Kohny* v. *Dunbar, supra*, however, the court dwelt upon this expression, and emphasized the fact that, while such an expression was applicable to the matter involved in the case of *Hall* v. *Johns*, as it might have been applicable when used by the Supreme Court of California in the case of *In Re Burdick, supra*, it had no reference, and could not be correctly asserted where the question involved was the determination of the nature of the wife's interest in the community property.

The Supreme Court of Utah, in the case of the *Estate of Bullen*, 151 Pac. 533, L. R. A. 1916C, 670, reviews at length various decisions rendered in the several jurisdictions, and under the several statutory provisions, on the subject of the application of the inheritance tax law to property passing to the surviving spouse.   The statute of the State of Utah (Comp. Laws 1907, sec. 2826), somewhat similar to that found in Nebraska, provides:

"One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during marriage, and to which the wife had made no relinquishment of her rights, shall be set apart as her property in fee simple if she survive him.   *   *   *"

The court there held that:

"What the wife receives under section 2826 one-third

in fee simple of all the legal and equitable estate in real property possessed by the husband during coverture, and not relinquished by her, she receives, not as an heir of her husband, but in her own right, something which belongs to her absolutely, and of which she could not have been deprived by will or any other voluntary act of her husband without her consent. Under that section, she is not an heir within the meaning of our intestate or succession statutes. (*Waddle* v. *Frazier*, 245 Mo. 391, 151 S. W. 87; *Golder* v. *Golder*, 95 Me. 259, 49 Atl. 1050; *Gardner* v. *Skinner*, 195 Mass. 164, 80 N. E. 825; *Braun* v. *Mathieson*, 139 Iowa, 409, 116 N. W. 789; *Gauch* v. *St. Louis Mut. L. Ins. Co.*, 88 Ill. 251, 30 Am. Rep. 554; *McNutt* v. *McNutt*, 116 Ind. 545, 19 N. E. 115, 2 L. R. A. 372; *Miller* v. *Finegan*, 26 Fla. 29, 7 South. 140, 6 L. R. A. 813.)"

In the case of *Warburton* v. *White*, 176 U. S. 494, 20 Sup. Ct. 409, 44 L. Ed. 555, the Supreme Court of the United States, speaking through Mr. Justice White, now Chief Justice, in considering the question, under the statutes of the State of Washington, on the necessity of the wife joining with the husband in the disposition of community property, reviewed the several decisions of the Supreme Court of the State of Washington on the subject, and in dwelling on the interest of the wife in the community property said:

"Property acquired during marriage with community funds becomes an acquet of the community, and not the sole property of the one in whose name the property was bought, although by the law existing at the time the husband was given the management, control, and power of sale of such property, this right being vested in him, not because he was the exclusive owner, but because by law he was created the agent of the community; the proceeds of the property when sold by him becoming an acquet of the community, subject to the trust which the statute imposed upon the husband, from the very nature of the property relation engendered by the provision for the community."

Mr. Justice Holmes in speaking for the Supreme Court of the United States in the case of *Arnett* v. *Reade,* 220 U. S. 311, referred to the decision in the case of *Warburton* v. *White, supra,* and, addressing himself to the same subject, said:

"It is very plain that the wife has a greater interest than the mere possibility of an expectant heir. For it is conceded by the court below and everywhere, we believe, that in one way or another she has a remedy for an alienation made in fraud of her by her husband."

Mr. Ross, in his work on Inheritance Taxation, after referring to the several decisions of the Supreme Court of California, makes special note of the decision of the Supreme Court of Idaho in the case of *Kohny* v. *Dunbar, supra,* and says: "There can be no doubt that the Idaho court has reached the right conclusion"; and then proceeds to make the further observation which we think most applicable to the provisions of our statute as they are presented to us, and says:

"The legislature, in adopting the community system, intended to provide a real marital community in property and accord to the wife a fuller measure of property rights than was hers under the common law. The legislature did not suppose it was providing her a mere expectancy during the husband's life and an inheritance on his death. That would be far from what is contemplated in the very nature of community property. And certainly, in adopting the inheritance system of taxation, the legislature did not have in mind the exaction of tribute from the community interest of a wife upon the death of her husband. In his lifetime such interest is her own property, practically in the fullest sense, except that the law constitutes him the agent for its control and management, and the removal of the agent by death in no wise works a transmission of title to be subjected to the succession tax." (Ross, Inheritance Taxation, 84.)

2. Respondent argues at some length that the expression "goes to" in section 2165 implies a different significance from the term "belongs" as found in section 2164 with

reference to the community property on the death of the wife. In this respect they say that the term "goes to," as used with reference to the community property on the death of the husband, means "vests in"; and hence we are to infer that this term was used advisedly by the legislature to convey the idea that the wife's interest in the community property vested in her only after the death of the husband; and this would lead to the conclusion that prior to the dissolution of the community the wife was not in any wise vested with any part of the community property.

We are not willing to accept this reasoning as against those provisions which we find in our general legislation on the subject of the relation of husband and wife, and more especially in view of the peculiar provisions of our organic law on the subject.

Section 31 of article 4 of our constitution reads:

"All property, both real and personal, of the wife owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be her separate property; and laws shall be passed, more clearly defining the rights of the wife in relation, as well to her separate property, as to that held in common with her husband. Laws shall also be passed providing for the registration of the wife's separate property."

The word "held" has been construed to mean ownership (*Wey* v. *Salt Lake City*, 35 Utah, 504, 101 Pac. 381; *Higgins* v. *Downs*, 91 N. Y. Supp. 937), and we find no good reason for holding that the word "held," as here used, was not intended to convey the idea of a peculiar yet distinct ownership. Here is a provision in the constitution recognizing the separate property of the wife and also recognizing a class of property which would be known as community property, which property would be "held" by her in common with her husband. Would it not be a distortion of the sense generally conveyed by the word "held," and especially in view of the manner of its use here, to say that it only conveyed an idea of future expectancy? Upon what substantial theory shall we say

that it was used by the framers of the constitution to convey no greater idea of property ownership in the wife than that of an heir of her husband, with whom it was declared she held in common?

Here was a constitutional recognition of the wife's "rights" in two distinct classes of property, *i. e.*, that which was designated her separate property, and that which was designated as property "held by her in common with her husband." Here is a peculiar avoidance of terms that might convey an indefinite sense. If the framers of the organic law sought to protect in the wife a right in the community property which would only accrue to her on the dissolution of the community; if they sought to have laws enacted more clearly defining the rights of the wife to an interest in the community property which should come to her on the death of the husband; why did they use the comprehensive term "rights of the wife　*　*　*　to that (property) held in common with her husband?" Any reasonable interpretation of this provision must, as we view it, convey the idea of property rights *in præsenti*.

We are referred by respondent to the decision of the Supreme Court of Tennessee in the case of *Knox* v. *Emerson*, 123 Tenn. 415, 131 S. W. 972. The case is not strictly in point here, save by way of contrast with the facts therein dealt with. The principal question was as to the application of the inheritance tax law where the estate passed by will. This decision was rendered in the light of a statute establishing a dower interest in favor of the wife. The court there held no more than to declare the property thus passing to be subject to the taxation. The court reasserts a principle declared in *State* v. *Alston*, 94 Tenn. 674, 30 S. W. 750, 28 L. R. A. 178, wherein it says:

"In arriving at the meaning of the statute under consideration, it is proper to remember that a succession tax is not a burden imposed upon property, but is a privilege tax upon the right of taking property from another, whether by will or devolution as a matter of law."

It is not necessary to dwell upon this principle here, because, viewing the matter as we do in the light of the great weight of authority, and especially under statutes providing for the community system, there is no "taking property from another, either by will or legal devolution." The property here going to appellant was property which she at all times under our statutory provision "held in common with her husband." Hence there was no privilege to be taxed, but rather a "right" in property recognized by statutory prescription "held" by her at all times "in common with her husband." The death of the husband only dissolved the community, and released that which she held from the statutory dominance of her deceased spouse.

The decision of the lower court in this case was based squarely upon that line of decisions which we find emanating from the Supreme Court of California, and to which we have referred more or less extensively, the doctrine announced by which has been commented on, if not criticized, in the several jurisdictions where this matter has been carefully considered. The doctrine asserted by the Supreme Court of California in these several decisions is based upon the conclusion that the interest of the wife in the community property is the mere possibility of an expectant heir. This doctrine has received the stamp of disapproval by the Supreme Court of the United States in the case of *Arnett* v. *Reade, supra,* as well as by an equally significant expression coming from that court in the case of *Warburton* v. *White, supra.* For this reason, if for no other, we would be unwilling to follow this doctrine, notwithstanding its eminent authority, and the further fact that the statutes of the State of California are almost identical to our own. But more than this, we are at a loss to reconcile the decisions of that court in the cases of Moffitt, Spreckels, and Kennedy, *supra,* holding that the surviving wife takes her share of the community property only as an heir, with the doctrine found in many other decisions, for example, *De Godey* v. *Godey,* 39 Cal. 157, to the effect that the wife's "right in the community

property is as well defined    *   .*   *   in contemplation of law, even during the marriage, as is that of the husband."

This court, speaking through Mr. Justice Leonard, in the case of *Wright* v. *Smith*, 19 Nev. 143, 7 Pac. 365, in considering the effect of our statutory provision on the community property on the death of the husband, said:

"Under the statute the title to community property, subject to the payment of legal indebtedness, was in appellant (surviving wife), and an administrator was not required to convey the title or distribute the estate."

The decision in the case of *Wright* v. *Smith, supra*, as indicated by the expression quoted, as well as by other expressions found in the opinion, supports the position we take here.

From all our statutory enactments bearing upon the subject of the relation of husband and wife, and especially from those having to do with the acquisition, retention, and disposition of the community property, we are unable to arrive at a conclusion that the constitution framers and the legislature, in establishing the community system and in promulgating laws defining the rights of husband and wife as to property thus held, intended other than that the wife should have an interest in the property acquired by the joint effort of the community, which interest, while it should remain in a sense indistinguishable during the existence of the community, was nevertheless a property interest of which she was, at all times, possessed. The fact that the legislature may have seen fit to place the control of this community property in the husband in no wise detracts from the fact that the property as such was a thing in which the wife had at all times a vested interest. We are unwilling to accept what we deem an inconsistency which would hold that, while, on the one hand, the husband could not deprive the wife of her interest by testamentary disposition, and that, as illustrated in the case at bar, no provision or mention need be made in a will or testament as to the disposition of that one-half of the community property which, under the law, goes to the wife, yet, on the other

hand, she can be regarded as taking this property only as an expectant heir.

It may, we think, be asserted, supported by the great weight of authority, that the interest of the wife in the community property and her title thereto is no less than that held by the husband, and this interest and title in the wife is not to be regarded as a mere expectancy. (5 R. C. L. 850.)

Concluding, as we do, that the wife's interest in the community property goes to her, not by succession or inheritance, but rather by a right vested in her at all times during marriage, it follows that it is not subject to the law of inheritance tax.

The judgment is reversed.

The cause is remanded, with instructions to the lower court to enter judgment for the appellant.