NORMAN DE VAUX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13574.   Promulgated November 14, 1928.

*George E. H. Goodner, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

OPINION.

MARQUETTE: The sole question here involved is whether salary received by the petitioner in 1921 while he and his wife were residents of and domiciled in the State of Nevada, but which was paid by a California corporation for services rendered within the latter State, is community property for income-tax purposes.

In Treasury Department Regulations 62, issued by the respondent as his interpretation of the Revenue Act of 1921, it is provided in article 31:

\* \* \* A husband and wife domiciled in Texas, Washington, Arizona, Idaho, New Mexico, Louisiana, and Nevada, in rendering separate income-tax returns, may each report as gross income one-half of the income which, under the laws of the respective States, becomes simultaneously with its receipt community property.

The statutes of Nevada in force in 1921, so far as they are applicable here, provide:

2155. Separate property of wife—Of husband.

SEC. 1. All property of the wife, owned by her before marriage, and that acquired by her afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is her separate property; and all property of the husband, owned by him before marriage, and that acquired by him afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is his separate property.

2156. Community Property.

SEC. 2. All other property acquired after marriage, by either husband or wife, or both, except as provided in sections 14 and 15 in this act, is community property.

2160. Husband to control community property.

SEC. 6. The husband has the entire management and control of the community property, with the like absolute power of disposition thereof, except as hereinafter provided, as of his own separate estate; \* \* \*.

The petitioner concedes that, so far as concerns his salary for January, February, and March, 1921, during which time he lived in California, the respondent's determination is correct; the petitioner contends, however, that as to the balance of his salary for 1921, received by him after he became domiciled in Nevada, the law of his domicile should determine its character as to community or noncommunity property. This contention is directly counter to

the respondent's determination, which is, namely, that because the salary in question was earned in California, and was paid by a California corporation, it thereby becomes unalterably stamped and fixed as California property; and that, as under the California law the wife has only an expectancy but not a vested interest in such property acquired by the husband, the same must hold true wherever the property may be taken, for all time, wholly irrespective of the *lex loci domicilii.*

In support of this contention the respondent cites us to *United States* v. *Robbins*, 269 U. S. 315, and to *Brookman* v. *Durkee* (Wash.), 90 Pac. 914. The *Robbins* case was dealing only with property in California, owned by residents of that State, and does not touch the question now before us. The *Durkee* case is not convincing. There, one Durkee married and domiciled in an eastern State, invested some money in land in Washington. He never lived nor was domiciled in that State. He survived his wife, and at his death, willed the Washington land to others than his children. The children sought to set aside the devise as to one-half the land, on the ground that, as the land was community property in Washington, one-half belonged to their mother, had vested in her, and could not be devised at all by Durkee. The Washington court held that the personal property (money) with which Durkee purchased the Washington land, being his separate property by the law of the State where acquired, which was his domicile, remained his separate property when brought to Washington and there invested. But we think that is a very different thing from saying that where husband and wife live in a community property jurisdiction, no personal property acquired by either of them in a noncommunity jurisdiction, and removed to the domiciliary State, can thereafter become community property.

It is elementary that the law governing personal property is the law of the domicile of the property owner. Should he die intestate while traveling in another State, money and other personal property which he had with him at the time of his death would be distributed, not according to the laws of the State wherein his death occurred, but by the laws of his domicile.

It is true that the courts very generally have held that where a husband living in a common law State acquired personal property, the subsequent removal to a community law State does not give to the wife a community interest in such previously acquired personalty. But such is not the case before us. We are here considering the status of personalty acquired *after* the petitioner had taken up his residence and acquired a domicile in a community law State.

On this point the law is stated in 31 C. J. p. 17, section 1085, as follows:

After married persons theretofore domiciled in another state have acquired a domicile in a community property state, the laws of the latter state control future acquisitions of property so long as the domicile remains in such state, unless there is a marriage settlement to the contrary, or unless the acquisition represents a mere mutation of property the tenure of which was controlled by the laws of some other state.

It is argued by the respondent, in effect if not in so many words, that the property here in question was acquired in California. True, it was, presumably earned there; perhaps the salary check each month was handed to the petitioner within the boundaries of California; nevertheless we are of opinion that the law of Nevada, the State of domicile, governs. Thus, in *Mesa's Estate*, 159 N. Y. S. 59, husband and wife were domiciled in Cuba. At the husband's death he owned personal property located in New York. The court held that the Cuban law of inheritance applied, and that the widow was not liable to pay an inheritance tax under the laws of New York.

So, also, in *Edrington* v. *Mayfield*, 5 Texas 363, a husband and wife domiciled in Texas visited in a common law State. While there the wife received a gift of personal property. The court held that the interests of the husband and wife, respectively, were determined by the law of the domicile, rather than by the law of the situs of the property at the time it was acquired.

The statutes of Nevada, quoted above, have been passed upon by the Supreme Court of that State, and an interpretation given them which is directly opposite to that of the California Supreme Court. In re *Williams Estate*, 40 Nev. 241; 161 Pac. 741. There the court reviews at some length the California decisions, and reaches the conclusion that the right of the wife in the community property during her husband's life is not a mere expectancy as has been held by the California courts, but is a definite property interest. Thus it appears that the income earned by the husband, when received by him in his Nevada domicile, becomes at once community property and subject to treatment as such. Separate returns having been made by petitioner and his wife having a vested interest, the tax is properly to be computed on the basis of separate returns. Sec. 1212, Revenue Act of 1926. The petitioner's return then, was correct as to three-fourths of his salary for 1921.

It is our conclusion, therefore, that the petitioner's income tax for the year 1921 should be recomputed; that he should be charged, as his separate income, with all of his salary, $15,000, received from the California corporation for the first three months of that year; but

that the remainder of his salary for the taxable year was community property and was properly returned as such.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*